[No. 15395.   Department One.   August 9, 1919.]

THE STATE OF WASHINGTON, *on the Relation of Pioneer Mining & Ditch Company, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

GARNISHMENT (1) — NATURE — TERMINATION.   A garnishment is merely an ancillary proceeding which immediately dies on termination of the original action.

APPEAL (232)—SUPERSEDEAS—RIGHT TO DISMISSAL—GARNISHMENT. Upon appeal from the dismissal of the original action in which a garnishment has sequestered funds, the plaintiff is entitled to an order fixing the amount of the supersedeas bond on appeal, in order to maintain the *status quo* and make available the money sequestered by the garnishment.

Application filed in the supreme court June 2, 1919, for a writ of mandamus to compel the superior court for King county, Frater, J., to fix the amount of a supersedeas bond on appeal.   Granted.

*Edward H. Chavelle* and *Williamson, Williamson & Freeman*, for relator.

*Edward Judd* and *O. L. Willett*, for respondent.

[1]Reported in 183 Pac. 74.

TOLMAN, J.—Relator brought suit in the superior court for King county to recover from one J. M. Davidson a sum of money paid in satisfaction of certain indebtedness for which it was alleged Davidson was liable over by reason of certain guarantees made by him and others. At the time suit was commenced, a writ of garnishment was duly issued, directed to J. E. Chilberg, who answered admitting an indebtedness to Davidson of upwards of $15,000. Subsequent to the filing of the garnishee's answer and pursuant to supplemental proceedings had in another cause, then pending in the same court but heard in a different department, Chilberg was required to pay the money which his answer admitted to be due to the sheriff of King county, who supposedly is holding the fund awaiting the termination of the garnishment proceedings.

Relator's case against Davidson came on for trial with matters in this condition, and after a jury had been impaneled and sworn and plaintiff's evidence offered, the defendant Davidson interposed a motion for a nonsuit, which the trial court orally granted. Relator immediately, and in open court, applied to the trial judge for an order fixing the amount of a supersedeas and stay bond for the purpose of retaining in *status quo* the money sequestered by the garnishment proceedings, pending an appeal to this court from the judgment of nonsuit. The trial judge having declined to fix any supersedeas bond, application is now made to this court for a writ of mandate requiring him to do so.

A garnishment proceeding can be commenced only when an original attachment has been issued, when plaintiff sues for a debt and makes the required affidavit and gives bond, or when plaintiff has a judgment wholly or partially unsatisfied. Rem. Code, §§ 680,

681.  So that a garnishment proceeding is in no sense an original or independent action, but is ancillary to the original cause from and through which its existence comes.  *Kelly v. Ryan,* 8 Wash. 536, 36 Pac. 478. And with the dismissal or termination of the original action in favor of the defendant therein, the garnishment proceeding must immediately die.  The statute recognizes this fact by the proviso in Rem. Code, § 693, to the effect, that, if judgment be rendered in favor of the original defendant, the garnishee shall not be required to pay, nor shall any judgment be rendered against him; and by the provisions of § 695, to the effect that, if judgment be rendered in favor of the original defendant in the original cause, any personal property or effects which the garnishee defendant may have previously delivered to the sheriff shall be returned to him.

If, then, the trial court enters a judgment in the original cause in favor of the original defendant, without at the same time fixing the amount of a supersedeas bond sufficient to save the respondent harmless from damages by reason of the appeal, as prescribed by Rem. Code, § 1722, then the plaintiff is powerless by any means to retain the fund which may have been sequestered by garnishment in a situation where it will be available to him in the event that his appeal is successful; but under the plain letter of the statute, in such a case as this, the sheriff may and must return the fund to the garnishee; and in any such case, the judgment in favor of the original defendant not being superseded, the garnishee defendant might, it would seem, at once pay over the fund to his creditor, and thereafter plead such judgment as his justification, notwithstanding its subsequent reversal.

That the plaintiff in the original action may appeal from a judgment in favor of the defendant is, of

course, not denied; and if so, that he may stay or supersede that judgment so as to reap the fruits of a successful appeal would seem to follow, under our statute as construed by this court, if the loss or damage suffered by the delay may be met by a money award. The subject of what judgments may or may not be superseded is fully discussed in *Cooper v. Hindley*, 70 Wash. 331, 126 Pac. 916, and the cases bearing upon the subject are collated and classified so fully and logically that it seems unnecessary to go over the subject again. The conclusion there arrived at is:

"From the very nature of the statute (Rem. Code, § 1722), it is implied that the loss or damage suffered by the delay may be met by a money award. Unless the loss can be so met, a stay is not ordinarily granted."

It follows, therefore, that when the loss or damage suffered by the delay occasioned by the appeal may be met by a money award, a supersedeas should always be granted; and as in this case such loss or damage can be so met, the trial court erred in refusing to fix the amount of a supersedeas bond.

The writ will issue, as prayed for, requiring the judge of the superior court to so act.

HOLCOMB, C. J., MACKINTOSH, MAIN, and MITCHELL, JJ., concur