KAMMEIER *v.* MUSKEGON CIRCUIT JUDGE.

CORPORATIONS—VENUE—ACTION BY NONRESIDENT AGAINST DOMESTIC CORPORATION.

> Nonresidents may not maintain an action at law against a Michigan corporation in a county other than the one in which it has its home office, even if the right of action accrued in such other county, the venue in such case being fixed by 3 Comp. Laws 1915, § 12340, subd. 2; subdivision 5 of same section not being applicable, having reference only to foreign corporations.

Mandamus by Richard Kammeier and others to compel John Vanderwerp, circuit judge of Muskegon county, to vacate an order dismissing an action at law. Submitted November 27, 1923. (Calendar No. 31,164.) Writ denied December 19, 1923.

*Bunker & Rogoski,* for plaintiffs.

*Harry D. Reber,* for defendant.

WIEST, C. J. Plaintiffs, residents of the State of Illinois, brought suit in the Muskegon circuit against the Patrons Mutual Fire Insurance Company, a Michigan corporation with its home office at the city of Fremont, Newaygo county, to recover the loss, by fire, of a barn in Muskegon county, insured by defendant. Defendant appeared specially and moved to dismiss the suit on the ground that the action could not be brought in the county of Muskegon where neither the plaintiffs nor defendant resided. The motion was granted and plaintiffs by mandamus seek to have the order dismissing the suit vacated.

Should the order be set aside? The defendant contends that the venue is fixed in view of the resi-

dence of the parties by 3 Comp. Laws 1915, § 12340, subd. 2, as follows:

"All actions founded upon wrongs, and contracts, except as herein otherwise provided, shall be commenced and tried in the county where one of the parties shall reside at the time of commencing such action."

Plaintiffs rely upon the last half of subd. 5, of the same section, which in its entirety provides:

"In cases where the plaintiff is a resident of the State of Michigan, suits may be commenced in any county where the plaintiff resides, against any corporation not organized under the laws of this State; and where the plaintiff is a nonresident of the State of Michigan, where the cause of action accrued within the State of Michigan, such plaintiff may bring action in the county where the cause of action accrued."

The circuit judge held subdivision 5 inapplicable, because the whole thereof relates to suits against nonresident corporations.

Section 12340, 3 Comp. Laws 1915, with its 12 subdivisions, is a consolidation in abbreviated form of numerous previous statutory provisions relating to venue of actions. Subdivision 5 of that section is quite similar in language and wholly so in purpose with the law as it stood in 3 Comp. Laws 1897, § 10442. Subdivision 5 had its origin in Act No. 256, Pub. Acts 1881, entitled:

"An act to provide for suits against foreign corporations in the courts of this State,"

and the provisions of that act ran true to the title for they related solely to venue of actions against foreign corporations by residents and nonresidents of this State.

This court has held that 3 Comp. Laws 1897, § 10442, which was Act No. 256, Pub. Acts 1881, with some amendment, and now is, with a further amendment in 1909, 3 Comp. Laws 1915, § 12340, subd. 5,

in an abbreviated form, is limited in its application to foreign corporations transacting interstate commerce business in this State. *Yund* v. *Excelsior Wrapper Co.*, 185 Mich. 143.

Plaintiffs stress the pointing of subdivision 5 by a semi-colon and insist, all after such point is as independent of all before it as if in a separate subdivision. The same pointing by a semi-colon is found in section 10442, 3 Comp. Laws 1897. The last revision of the provision in question, previous to 1915, was by Act No. 3, Pub. Acts 1909, and there the semi-colon was dropped and a period employed and in the separate sentence thereby created it was provided:

"And where the plaintiff is a nonresident of the State of Michigan, suits may be commenced in like manner against such corporations, in all cases where the cause of action accrued within the State of Michigan."

The term "such corporations" referred to foreign corporations and none other.

The statute invoked by plaintiffs relates to actions against foreign corporations, just as it always has from its inception in 1881. Plaintiffs, nonresidents of this State, could not bring suit in the Muskegon circuit against defendant, a Michigan corporation having its home office in another county, even though the right of action accrued in Muskegon county.

The learned circuit judge was clearly right in dismissing the suit, and the writ prayed for is denied, with costs against plaintiffs.

FELLOWS, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.