GOBER *v.* FEDERAL LIFE INS. CO.

1. INSURANCE—FOREIGN CORPORATIONS—LICENSES—APPLICABILITY OF STATUTE.

    Foreign insurance companies are not subject to 2 Comp. Laws 1929, § 10118 *et seq.*, relating to admitting foreign corporations to do business in this State.

2. COURTS—VENUE—JURISDICTION—NONRESIDENTS—FOREIGN CORPORATIONS—STATUTES.

    Action by nonresident on cause accruing in foreign State against foreign insurance company licensed to do business in this State was properly dismissed on ground that court was without jurisdiction (3 Comp. Laws 1929, § 13997, subds. 2, 4, 5).

3. SAME—CONSTITUTIONAL LAW.

    Statute denying right of nonresident to sue foreign corporation in State court on cause of action accruing in foreign State is not in violation of article 4, § 2, Federal Constitution (3 Comp. Laws 1929, § 13997, subds. 2, 4, 5).

4. SAME—LEGISLATIVE POLICY AS TO VENUE NOT JUDICIAL QUESTION.

    Whether legislation as to venue is in accord with modern thought and judicial tendency is legislative and not judicial question (3 Comp. Laws 1929, § 13997, subds. 2, 4, 5).

Appeal from Dickinson; Bell (Frank A.), J. Submitted April 15, 1931. (Docket No. 107, Calendar No. 35,596.) Decided June 1, 1931.

Assumpsit by Mrs. Max Gober of Wisconsin against Federal Life Insurance Company, an Illinois corporation, on an accident insurance policy. Action dismissed. Plaintiff appeals. Affirmed.

*George Barstow* (*Francis Murphy,* of counsel), for plaintiff.

*Symonds & Rahm (Jerome F. Kutak,* of counsel), for defendant.

CLARK, J.  On the ground that the court had no jurisdiction, the cause was dismissed.  Plaintiff has appealed.

Defendant, Federal Life Insurance Company, is an Illinois corporation.  It has been licensed to do business in Michigan (3 Comp. Laws 1929, § 12312), and has resident agents in various counties of the State.  By course of mail, a policy contract was entered into between defendant at Chicago, Illinois, and Joseph Gober, residing at Niagara, Wisconsin, in which policy Joseph named his mother, the plaintiff, beneficiary.  Joseph was killed in an accident occurring in Wisconsin.  Plaintiff resides in Wisconsin.  This suit on the policy was instituted in Dickinson county, Michigan, process being served on the commissioner of insurance and upon an agent of defendant residing in said county.

The statute relating to venue is 3 Comp. Laws 1929, § 13997, quoting in part:

"13997.  Venue of actions and suits.  Section 1. Actions shall be commenced and tried in the proper county as follows: * * *

"Torts and contracts.  2. All actions founded upon wrongs, and contracts, except as herein otherwise provided, shall be commenced and tried in the county where one of the parties shall reside at the time of commencing such action; * * *

"Insurance and bonding companies; against. 4. Suits may be commenced against foreign and domestic insurance companies, fraternal co-operative and mutual benefit associations, having for their object insurance against fire, death, sickness, accident, or any form or risk whatever; and against

foreign and domestic surety and bonding companies, in the circuit court of any county in this State, in which the plaintiff resides, and in which such company is authorized to issue policies, or take risks;

"Nonresidents; by or against. 5. In cases where the plaintiff is a resident of the State of Michigan, suits may be commenced in any county where the plaintiff resides, against any corporation not organized under the laws of this State; and where the plaintiff is a nonresident of the State of Michigan, where the cause of action accrued within the State of Michigan, such plaintiff may bring action in the county where the cause of action accrued."

With respect to the matter before us and under the statute, subdivision 5, a resident plaintiff may sue such corporation on any cause of action and a nonresident plaintiff may sue if the cause of action accrued within this State.

As the defendant is a foreign insurance corporation, as the plaintiff is a nonresident, and as the cause of action accrued without the State, the statute conferred no authority on the court to issue process.

The trial judge said:

"The fact that a nonresident insurance company is authorized to do business in this State does not effect a change in its residence or carry to Michigan the situs of a debt which it owes to a resident of Wisconsin and is not payable in Michigan. *Larson* v. *Dubuque Fire & Marine Ins. Co.*, 238 Mich. 366. * * *

"Neither the plaintiff nor her claim satisfies any of these statutory requirements. Both the plaintiff and the defendant are nonresidents, the premium and the benefits are not payable, the cause of action did not accrue in Michigan. To permit the plaintiff to maintain this suit in a county of her own selec-

tion would be to extend to her a privilege not enjoyed by residents of this State, and a further privilege not given by the statutes or the authorities.''

It is urged that this holding violates article 4, § 2, United States Constitution:

''The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States.''

We quote with approval from 12 R. C. L. p. 116:

''While as just seen the weight of authority is apparently to the effect that in the absence of statutory provisions on the subject, the residence of the plaintiff is not material in determining the question of the liability of a foreign corporation to suit, yet in a number of States statutes have been enacted which, while allowing a resident of the State or a domestic corporation to maintain an action against a foreign corporation for any cause of action, no matter where it arose, provide that an action against a foreign corporation can be maintained by another foreign corporation or a nonresident only in the cases specified; a common provision of this kind being to the effect that such suits can be brought in the domestic courts only where the cause of action arose in the State or the subject-matter thereof is situated therein. The constitutionality of statutes of this nature has been generally upheld.''

Of a similar statutory provision then in force in New York, it was said in *Robinson* v. *Oceanic Steam Navigation Co.*, 112 N. Y. 315 (19 N. E. 625, 2 L. R. A. 636):

''The discrimination between resident and nonresident plaintiffs is probably based upon reasons of public policy, that our courts should not be vexed with litigations between nonresident parties over

causes of action which arose outside of our territorial limits. Every rule of comity and of natural justice and of convenience is satisfied by giving redress in our courts to nonresident litigants when the cause of action arose, or the subject-matter of the litigation is situated within this State."

See, also, *Larson* v. *Dubuque Fire & Marine Ins. Co., supra; National Coal Co.* v. *Cincinnati Gas Coke, etc., Co.,* 168 Mich. 195; *Grand Trunk R. Co.* v. *Wayne Circuit Judge,* 106 Mich. 248; 15 C. J. p. 791; 14A C. J. p. 1384.

This is not a case where the subject-matter of the litigation is in this State, nor one where the foreign corporation has become in legal effect a domestic corporation. Foreign insurance companies are not subject to 2 Comp. Laws 1929, § 10118 *et seq.,* providing of admitting foreign corporations to do business in this State. Corporations admitted under this statute are admitted to do a local business and are given the same powers, rights, and privileges, and made subject to all restrictions, requirements, and duties, as like domestic corporations. Cases relating to such corporations which, in legal effect, become domesticated, and do a local business, are not in point. *Republic Motor Truck Co.* v. *Buda Co.,* 212 Mich. 55; *Showen* v. *J. L. Owens Co.,* 158 Mich. 321 (133 Am. St. Rep. 376); *Yund* v. *Excelsior Wrapper Co.,* 185 Mich. 143.

If defendant were a domestic corporation, there would be no doubt of plaintiff's right to sue in this State on her cause of action.

Defendant was licensed to do business in this State under 3 Comp. Laws 1929, § 12312 *et seq.* Its residence was and is in Illinois. It is a corporation "not organized under the laws of this State" within the meaning of the statute first above cited and

quoted. *Larson* v. *Dubuque Fire & Marine Ins. Co.*, *supra; Smith* v. *Life Assurance Society,* 159 Mich. 167; *Kammeier* v. *Muskegon Circuit Judge,* 225 Mich. 597. And, in this statute relating to foreign insurance companies, unlike the one above discussed relating to other corporations, there is nothing to enlarge or change jurisdiction of the courts respecting subject-matter, and the designation of an agent upon whom process may be served extends to any action which, under the laws of the State, may be brought against such foreign insurance corporation. 14A C. J. p. 1387.

Whether the legislation as to venue is in accord with modern thought and modern judicial tendency it is not our business to inquire. The legislature has declared a State policy, which it is our duty to accept.

Affirmed.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.