FRASER *v.* COLLIER CONSTRUCTION CO.

1. CORPORATIONS—GARNISHMENT—VENUE.

Under garnishment statute, a nonresident plaintiff may bring action against foreign corporation domesticated in State but nonresident of county in which action was brought by causing writ of garnishment to be issued and served upon garnishee defendant, also a foreign corporation, domesticated in the State and having principal office and place of business in county in which action is brought (3 Comp. Laws 1929, § 14885).

2. SAME—FOREIGN CORPORATIONS—RESIDENT AGENT—SERVICE OF PROCESS.

Foreign corporation which was authorized to do business in State and which had appointed a resident agent to accept service of process could not complain because process was served upon such agent instead of some person in charge of its office and principal place of business maintained in another county where garnishment action was commenced in a third county (3 Comp. Laws 1929, § 14092, as amended by Act No. 195, Pub. Acts 1933).

3. SAME—FOREIGN CORPORATIONS—GARNISHMENT BY NONRESIDENT.

Nonresident plaintiff could maintain garnishment proceedings against principal defendant, a nonresident foreign corporation, where garnishee defendant was a resident of county in which proceedings were instituted and disclosed it had credits in its hands to which the principal defendant was entitled (3 Comp. Laws 1929, § 14090; § 14092, as amended by Act No. 195, Pub. Acts 1933, § 14885).

4. GARNISHMENT—JURISDICTION.

Garnishment proceedings cannot be maintained unless the court has jurisdiction of the parties to the principal suit.

5. SAME—JURISDICTION—RESIDENCE OF PARTIES—ACTION.

It is not necessary to jurisdiction in garnishment proceedings that either of the parties in the original case be residents of this State or that the cause of action accrue here.

Appeal from Jackson; Taylor (Mark D.), J., presiding. Submitted March 17, 1941. (Docket No. 126, Calendar No. 41,478.) Decided May 21, 1941.

Garnishment by James W. Fraser, Jr., against Collier Construction Company, an Ohio corporation, principal defendant, and Consumers Power Company, a Maine corporation, garnishee defendant. On motion of principal defendant to quash service, dismiss suit, and to quash writ of garnishment. Motion granted. Plaintiff appeals. Reversed and remanded.

*Blackman & Blackman* and *John S. Denton,* for plaintiff.

*Kleinstiver & Anderson,* for principal defendant.

CHANDLER, J. Plaintiff, a resident of Cleveland, Ohio, on May 27, 1940, brought this suit by summons in the circuit court for the county of Jackson against the Collier Construction Company, an Ohio corporation, and simultaneously therewith filed with the clerk of the court an affidavit for writ of garnishment against the Consumers Power Company, a Maine corporation, authorized to do business in the State of Michigan, and having its principal place of business and office in the city of Jackson in said county. The writ of garnishment was served upon the Consumers Power Company on the date of issue and the calendar entry shows proof of service filed on May 28th.

The calendar and journal entries do not disclose that a writ of summons was issued, but an affidavit of the deputy county clerk was filed after a motion made by the principal defendant in which she stated

that simultaneous with the issuance of the writ of garnishment a summons was issued with the seal of the court impressed thereon in favor of the plaintiff and against the principal defendant, and that she inadvertently neglected to enter upon the calendar or journal the fact of the issue of said original writ.

On June 5, 1940, the principal defendant appeared specially and moved to dismiss the garnishment proceedings upon the ground that at the time of the issuance of the writ of garnishment no suit had been commenced against the principal defendant because it did not appear from the calendar entries that a declaration had been filed or a summons issued. This motion was heard on June 10, 1940, by Judge Williams of the Jackson circuit, who stated:

"There has been produced in court the original summons bearing the signature of Olive McManus, deputy clerk. It is true that the summons bears no file mark, but if it was in fact issued and was in fact placed in the hands of a competent person for service, then I think the suit was commenced. * * * This summons does not have to be returned until the time for service has expired and I think the disposition I will make of this matter is to hold the matter open until the 27th day of July, 1940, that being the return day of the original writ, and see what the return of service shows. Consequently, I decline the motion to dismiss at this time."

In the motion that was made by the principal defendant for the dismissal of the cause, the defendant was described in said motion as a foreign corporation, and the sole reason given for such motion was the failure of the plaintiff to file with the clerk a declaration, with or without notice to plead, or to take out any summons or other original

process or writ issued or filed as commencement of suit by plaintiff. No disposition was made by the court of this motion after July 27, 1940. On August 10th the garnishee defendant, Consumers Power Company, filed its disclosure, disclosing a liability from it to the principal defendant.

On June 7th plaintiff filed his declaration which was upon the common counts claiming damages in the sum of $30,000. On June 15, 1940, plaintiff moved to amend the original writ in the principal case by making the return day thereof July 24th instead of July 27th, and on July 25, 1940, this motion was heard before Judge Simpson, of the Jackson circuit, who granted the motion allowing an amendment of the original writ so that the return day would read "July 24" instead of "July 27." This original writ was amended by striking out the figure "27" and inserting the figure "24." On July 27, 1940, an order to this effect was entered and as directed by the judge "was entered as of July 25, 1940, *nunc pro tunc.*"

The principal defendant, a foreign corporation, prior to and at the time of the commencement of this action maintained a resident agent, the Corporation Company, to accept service of process at 1638 Dime Bank Building, Detroit, and service of amended summons, copy of affidavit and writ of garnishment with return of service thereon was served on said agent on the 26th day of July, 1940, as shown by proof of service filed with clerk of the court on July 30, 1940.

The principal defendant on July 31, 1940, filed another motion, being one "to quash substituted service of July 26, 1940, to dismiss suit, and to quash writ of garnishment and to dismiss garnishment proceedings," for the reasons (among others) that substituted service is not authorized by

statute upon defendant which is a corporation organized under the laws of Ohio, but domesticated and licensed to do business in Michigan and having a principal office and a resident agent in Michigan, and that the affidavit for writ of garnishment does not state facts sufficient to authorize substituted service under 3 Comp. Laws 1929, § 14885 (Stat. Ann. § 27.1883); that defendant is not a foreign corporation within the meaning of said section:

"That this court has no jurisdiction in this suit (which is a personal transitory action on contract) of either the parties or the subject matter, neither of the parties being residents of the county of Jackson, and the cause of action not having accrued within said county, as fully set forth in the motion to dismiss and quash service, made under special appearance and filed herein July 10, 1940, reference to which is hereby made; valid service of summons has not been made within said county and valid substituted service by notice under said statute has not been made."

The affidavit of P. C. Collier referred to in said motion, so far as material here, is as follows:

"(1) That he resides in the city of Cleveland, State of Ohio, and is president of the Collier Construction Company, defendant in the above-entitled cause.

"(2) That said defendant is a corporation organized under the laws of the State of Ohio; that it has been duly domesticated in the State of Michigan, and it has qualified and been admitted to do business therein under Act No. 327, Pub. Acts 1931,* and that its principal office and place of business and its residence in the State of Michigan, at and prior to the commencement of this suit, was, and still is,

---

* In particular, Comp. Laws Supp. 1940, § 10135–93 *et seq.*, Stat. Ann. §§ 21.94–21.98.—REPORTER.

in the city of Adrian, county of Lenewee; that said corporation has no other principal office in the State of Michigan; that the Corporation Company which has its office and address in the Dime Bank Building in the city of Detroit, Wayne county, State of Michigan, was at the time of the commencement of this suit, and still is, the resident agent of the said defendant within the State of Michigan, having been duly designated as such pursuant to and in accordance with the statutes of the State of Michigan.

"(3) That James W. Fraser, Jr., plaintiff in the above-entitled cause, was not at the time of commencement of said suit, has not since been, and is not a resident of the State of Michigan, but was at the time of the commencement of said suit, has since been, and still is, a resident of the city of Lakewood, county of Cuyahoga, State of Ohio."

This motion was heard in the Jackson county circuit court on August 12, 1940, by Honorable Mark D. Taylor, circuit judge presiding, who granted said motion and in granting the same stated:

"This is a motion by defendant to dismiss plaintiff's action on the grounds that the court is without jurisdiction, and to quash service of the writ on the grounds that the same is invalid.

"The court has had the benefit of able briefs filed by counsel, which are made a part of the court file in this matter.

"It would seem to the court that for the purposes of this motion, a review of the facts is unnecessary, they having been fully stated in the records, reference to which is hereby made. A careful study of the briefs submitted convinces the court that for the reasons stated in: *Republic Truck Co.* v. *Buda Co.* 212 Mich. 55; *Kammeier* v. *Muskegon Circuit Judge,* 225 Mich. 597; *Gober* v. *Federal Life Insur-*

*ance Co.,* 255 Mich. 20, 24; the motion should be granted and an order may be entered accordingly.''

From an order entered in accordance with this opinion, plaintiff appeals, claiming error on the part of the court in the dismissal of said action.

After a careful review of the record and briefs in this case, we believe but one question is presented for our consideration, and that is, may a nonresident plaintiff bring an action against a foreign corporation which has become domesticated in Michigan, but is a nonresident of the county in which suit is brought, by causing a writ of garnishment to be issued in said cause and served upon the garnishee defendant, also a foreign corporation, authorized to do business in Michigan, and having its principal office and place of business in the county in which such suit is brought pursuant to 3 Comp. Laws 1929, § 14885?

We have carefully reviewed the cases cited by the lower court in support of its opinion and order and find that none of them involve the garnishment statute under which the plaintiff and appellant brought his action in the instant case. These cases concern the question of proper venue in an action *in personam* brought by a nonresident plaintiff against a Michigan corporation, or a foreign corporation duly authorized to do business in Michigan. The section under which this action is brought, 3 Comp. Laws 1929, § 14885, is as follows:

''If the plaintiff, in addition to the allegations hereinbefore required to be contained in the affidavit for the writ of garnishment, shall set forth in such affidavit that the principal defendant is a nonresident of the county or State where the suit is commenced, or that one of the principal defendants

is a nonresident of the county or State, where there is more than one principal defendant, or a foreign corporation created in any jurisdiction (naming it), the principal writ or declaration and affidavit may be filed of the day of issue, and the writ of garnishment may be served as in ordinary cases; and within sixty days after such service the plaintiff shall cause to be delivered to such nonresident defendant or defendants, or the president, secretary, cashier or treasurer of such foreign corporation residing out of this State, or upon any officer, clerk or agent residing or to be found within this State, a true copy of the principal writ or declaration, affidavit and writ of garnishment, with return of service thereon, and with a written or printed notice attached, signed by the plaintiff or his attorney, stating that said nonresident defendant or defendants, or foreign corporation, is notified to appear and defend within thirty days after such service, or default will be entered and judgment taken, and upon filing an affidavit of such service, further proceedings to judgment may be had as in ordinary personal actions. If there is more than one defendant, some of whom reside within this State, notice shall be served on the resident defendants of the time and manner of giving notice to the nonresident defendants.''

3 Comp. Laws 1929, § 14092, as amended * (Comp. Laws Supp. 1940, § 14092, Stat. Ann. § 27.759), provides for service of process on a corporation which shall have appointed an agent to accept service of process and also as to the method of proceeding in case said corporation shall fail to appoint or maintain a resident agent in the State of Michigan for such purpose. Said section provides:

''Process issued from any court of record against a corporation, partnership association or unincorporated voluntary association, may be served upon

*By Act No. 195, Pub. Acts 1933.—REPORTER.

any officer, director, trustee or agent thereof, or by leaving same during regular office hours at the office of such corporation, partnership association or unincorporated voluntary association, with any person in charge thereof: *Provided,* That when any corporation shall appoint a resident agent and file a certificate of such appointment as by law required, such resident agent shall continue to be an agent for the service of process until a certificate of change of resident agent shall be filed with the secretary of State as by law required: And *provided further,* That if any corporation shall fail to appoint and maintain a resident agent and file a certificate of such appointment as by law required, such process may be served on the secretary of State. Except as otherwise provided in this act, all general or special laws relating to the service of process upon corporations are hereby repealed.''

In the instant case the principal defendant in compliance with the foregoing statute did appoint an agent at a designated place of business and maintained such agency, and its appointment and main-tenance was for one purpose only, that is, to accept service of process that might be issued against defendant in the State of Michigan, and we must hold that appellee having appointed such resident agent, for the purpose aforesaid, cannot complain because process was served upon said resident agent instead of some person in charge of its office and principal place of business in the State of Michigan maintained in Lenawee county.

It was the claim of the appellee in the court below and it is its claim here that it is entitled to have this action and garnishment suit dismissed for lack of jurisdiction by the Jackson county circuit court because of the provisions of 3 Comp. Laws 1929, § 14090 (Stat. Ann. § 27.757), contending that its office and residence in Michigan was in Lenawee

county and that it was entitled to all of the immunities of a domestic corporation and should have been sued in that county.

In this case, in view of the fact that the plaintiff is a nonresident of the State, that the defendant is a foreign corporation authorized to do business in this State with a resident agent established to accept service of process herein, the real test is this: Did the Jackson county circuit court have jurisdiction over the garnishee defendant whose office and principal place of business was located therein? It appears from the disclosure of garnishee defendant, whom we hold was within the jurisdiction of the Jackson county circuit, that it had credits in its hands to which the principal defendant was entitled, that it was indebted to said principal defendant, and that such credits or intangible personal property, by the garnishment proceedings herein, were clearly brought under the control of the circuit court of said county. They were as effectively brought under the jurisdiction and control of said court, and subjected to any lawful claim of plaintiff, as they would have been had the proceedings been by attachment against tangible personal property of the principal defendant. It is unimportant whether the property is brought under the control of the court in the first instance by attachment or other equivalent act.

The next query is: Can garnishment proceedings be maintained unless the court has jurisdiction of the parties to the principal suit? This must be answered in the negative. In a case very similar to the instant one, this court said: "It is not necessary to jurisdiction in garnishment cases that either of the parties in the original case be residents of this State or that the cause of action accrue here." *H. Williamson, Ltd.,* v. *Phinney-Walker Co.,* 247

Mich. 645, 648, 649. In this cited case the plaintiff was a corporation organized under the laws of Great Britain. The principal defendant, Phinney-Walker Company, was a New York corporation. Neither was authorized to do business in Michigan. The garnishee defendant was a Delaware corporation authorized to do business in this State; its principal business office was in the city of Detroit. The principal defendant was indebted to the plaintiff for goods sold and delivered on a contract not to be performed in Michigan. The plaintiff brought action in Wayne county and garnisheed the General Motors Corporation, and an indebtedness from the garnishee defendant to the principal defendant was disclosed. The principal defendant appeared specially and moved to quash the writ and dismiss the action on jurisdictional grounds. The motion was denied and the case was brought before this court for review. The court in determining the questions there involved said (pp. 647–649):

"The question is whether the circuit court has jurisdiction in garnishment proceedings where the plaintiff, a nonresident corporation, whose cause of action does not accrue within this State, sues another nonresident corporation and garnishees a corporation, also a nonresident but authorized to do business in this State, and who maintains a business office in Wayne county, where the suit was instituted.

"By the great weight of judicial opinion, the jurisdictional test for garnishment is the suability of the garnishee defendant by the principal defendant in the jurisdiction where the garnishment is instituted. *Harris* v. *Balk,* 198 U. S. 215 (25 Sup. Ct. 625, 49 L. Ed. 1023, 3 Ann. Cas. 1084); *Bingenheimer Mercantile Co.* v. *Weber,* 49 N. D. 312 (191 N. W. 620, 27 A. L. R. 1392), and cases cited in annotation in 27 A. L. R. p. 1396.

"It is contended that the principal defendant cannot maintain a suit in Michigan against the garnishee defendant for its debt because both are nonresidents.

"The garnishee defendant is a foreign corporation, but, as we have said, it is authorized to do business in Michigan. It operates large automobile plants in this State and maintains a business office in the county where this suit was started. In becoming domesticated by complying with the statute regulating the transaction of business in this State by foreign corporations, it has acquired a local existence for business and jurisdictional purposes and may sue and be sued the same as domestic corporations or natural persons. *Republic Motor Truck Co.* v. *Buda Co.*, 212 Mich. 55.

"It follows that the principal defendant could maintain an action in Wayne county against the garnishee defendant for its debt and the court would have jurisdiction to enter a valid judgment. But the defendant contends that the court must also have jurisdiction of the parties to the principal action, and that there is no such jurisdiction in this case because neither the plaintiff nor the principal defendant is a resident and the cause of action did not accrue in Wayne county or the State of Michigan. In support of this contention, the defendant relies on 3 Comp. Laws 1915, § 12340,* which in part reads as follows:

" 'In cases where the plaintiff is a resident of the State of Michigan, suits may be commenced in any county where the plaintiff resides, against any corporation not organized under the laws of this State; and where the plaintiff is a nonresident of the State of Michigan, where the cause of action accrued within the State of Michigan, such plaintiff may bring action in the county where the cause of action accrued.'

"The defendant is correct in asserting that the garnishment proceedings cannot be maintained unless the court has jurisdiction of the parties to the

*Now 3 Comp. Laws 1929, § 13997, as amended by Act No. 225, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 13997, Stat. Ann. § 27.641).—REPORTER.

principal suit, but notwithstanding the statute above quoted, it is not necessary to jurisdiction in garnishment cases that either of the parties in the original case be residents of this State or that the cause of action accrue here. In *Newland* v. *Wayne Circuit Judge,* 85 Mich. 151, both parties to the principal action were nonresidents of Michigan and the cause of action accrued without the State. The court said:

" 'There is no valid reason why the courts of this State may not acquire jurisdiction over persons and choses in action, as well when both parties to the original action are nonresidents of the State, as where the plaintiff in the original suit is a resident of the State. The plaintiff, a nonresident, comes into the State, and submits himself to the jurisdiction. The statute points out the mode of procedure to acquire jurisdiction over the defendant in the principal suit; not for the purpose of rendering a personal judgment against the nonresident defendant, but to subject the choses in action in the hands of the third party to the payment of the plaintiff's demand. To this extent the statute confers upon the court jurisdiction to proceed.' .

"The defendant has argued the situs of the debt as of controlling importance in this case. We have not discussed that question because, under the Michigan garnishment statute, jurisdiction does not depend on situs of the debt. The determining factor is whether the principal defendant can sue for the garnished debt in the jurisdiction where garnishment is brought. If he can do so, his creditor, regardless of residence, can come into the same jurisdiction and subject the debt to the payment of his claim. That is the purpose of the statute under which these proceedings were brought."

We quote thus fully from the *H. Williamson, Ltd., Case, supra,* because we think it is clearly decisive of the question involved in the instant case.

The order of the lower court dismissing this cause is reversed and the case is remanded.

Plaintiff may recover costs.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, MC-ALLISTER, WIEST, and BUTZEL, JJ., concurred.