[No. 38582. Department One. January 5, 1967.]

GLENN QUIGLEY, *Respondent,* v. SPANO CRANE SALES AND SERVICE, INC., *Appellant.*\*

*\*Reported in 422 P.2d 512.

██ 

*Sharpe, Twigg, Bennett & Deglow,* by *Riner E. Deglow,* for appellant.

*Robert D. McGoldrick,* for respondent.

HALE, J.—The long arm of the law reaches far and, thus extended, becomes a force for good. But stretched too far, it may become a powerful instrument of oppression and injustice.

We are to decide if the courts of Washington, under the long-arm statute (RCW 4.28.185), have jurisdiction of an action arising from defects in a crane manufactured in California by a California resident and sold in a casual sale to and used by a Washington resident in this state.

Defendant, Spano Crane company, a California corporation, manufactures cranes in its plant at Long Beach. As manufacturers go, it is a small company having but one plant and about 20 employees. Its owners personally direct and manage the company's activities and they participate physically in the manufacturing process. The company maintains no offices, warehouses, plants or facilities and has no agents, officers or employees stationed in Washington. Although not regularly engaged in doing business here, it has in the past sporadically sent its representatives into this state to sell and service several cranes. Altogether, the company has sold about 2,000 cranes throughout the United States, but only a few in the state of Washington and these were merely casual, if not isolated sales.

In April, 1964, plaintiff, by telephone, ordered a rebuilt crane from defendant's president. Defendant broke the crane down into three components for shipping and sent it on an order bill of lading from California to itself in Spokane, retaining title until acceptance and payment of its sight draft. On payment of the draft, defendant delivered

the crane to plaintiff. The gear train, which later proved to have a cracked gear, arrived wholly assembled within one of these three major components. Plaintiff's employees put the three components together to completely assemble the crane and began operating it in his sign business.

After plaintiff had used the crane for about a week and while engaged in lowering a Richfield sign at a service station in Deer Park, Washington, the crane failed and the sign fell to the ground from a height of some 19 feet, damaging both sign and crane.

The crane failed because several teeth in one of the gears of the gear train had broken loose. From substantial evidence on all three points, the trial court found (1) that plaintiff suffered damages of $1,073.35; (2) that the gear failure was due to defendant's "negligence in improperly selecting said gears" which were "fatigued and cracked," and (3) that defendant in delivering the crane with a cracked and fatigued gear breached both its express and implied warranties as to quality and fitness. The court in its conclusions of law attributed plaintiff's damages to both the commission of a tort and a breach of warranty by defendant.

Because the court, as trier of the facts, had abundant evidence to support its findings, we need not look further into assignments of error directed to the facts. The surviving and, of course, overriding question concerns the jurisdiction of Washington courts over a California resident corporation arising from a contract made in California with a Washington resident for the sale and delivery of a mechanical device which failed in Washington and there produced the damages described.

Plaintiff, filing the action in Spokane County, had personal service of the summons and complaint on defendant corporation in Long Beach, California, asserting jurisdiction in Washington under RCW 4.28.185, commonly called the long-arm statute, which provides:

(1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said

person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

(a) The transaction of any business within this state;

(b) The commission of a tortious act within this state;

(c) The ownership, use, or possession of any property whether real or personal situated in this state;

(d) Contracting to insure any person, property or risk located within this state at the time of contracting.

(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in this section, may be made by personally serving the defendant outside this state, as provided in RCW 4.28.180, with the same force and effect as though personally served within this state.

(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

(4) Personal service outside the state shall be valid only when an affidavit is made and filed to the effect that service cannot be made within the state.

(5) In the event the defendant is personally served outside the state on causes of action enumerated in this section, and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorneys' fees.

(6) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law.

The foregoing statute designedly enlarged jurisdiction in personam over nonresidents and foreign corporations by changing the traditionally narrow concepts of doing business in the state to the far broader and more widely inclusive but simpler standard described in the phrase "The transaction of any business within this state." Thus, where jurisdiction prior to enactment of the long-arm statute (RCW 4.28.185), formerly depended on doing business as a more or less continuous concept such as maintaining offices, agents, and performing contracts in the routine and regular course of business within the forum state or involved activ-

ities showing a continuing course of conduct, now a solitary business deal, if transacted within this state, will, under the long-arm statute, suffice to vest jurisdiction in the courts of Washington. So, too, will the commission of a single tortious act within the state suffice, as, for example, a nonresident motorist merely driving his automobile through Washington and operating it negligently to cause injuries.

Other jurisdictions incline toward this view. A single transaction negotiated or to be performed within the forum state may be sufficient to meet the statute's requirement as to the transaction of any business within the long-arm statute and thus constitute a submission to the jurisdiction by participants in the transaction. *Compania de Astral, S.A. v. Boston Metals Co.*, 205 Md. 237, 107 A.2d 357, 108 A.2d 372, 49 A.L.R.2d 646 (1954); *Gray v. American Radiator & Standard Sanitary Corp.*, 22 Ill.2d 432, 176 N.E.2d 761 (1961). Even where a manufacturer merely contemplates that his manufactured article will be resold and used in other states, but with no particular state in mind, the state where the injury takes place will, under the long-arm statute, have jurisdiction over the action arising for injuries caused from defects in the manufactured article when used as intended by the manufacturer. *Gray v. American Radiator & Standard Sanitary Corp., supra.*

■ We had the statute before us for construction in *Tyee Constr. Co. v. Dulien Steel Products, Inc.*, 62 Wn.2d 106, 381 P.2d 245 (1963), and in that case suggested three basic criteria for determining jurisdiction:

[T]here are three basic factors which must coincide if jurisdiction is to be entertained. Such would appear to be: (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and pro-

tection of the laws of the forum state afforded the respective parties, and the basic equities of the situation. (Footnotes omitted.)

 The instant transaction seems to meet fully the tests suggested in *Tyee, supra*. Treating the telephonic contract for the purchase of the crane, arguendo, as a contract made in California, the performance thereof nonetheless constituted a transaction of business in Washington. Defendant manufacturer mailed its advertising circulars and literature into this state to likely prospects for its cranes. It shipped the crane here, retaining title until payment. On payment in Spokane, the manufacturer made delivery and transferred title to the article there. These actions submitted defendant to the jurisdiction of Washington courts under RCW 4.28.185.

Defendant had also taken other steps which brought it under the jurisdiction of Washington courts. Earlier it had sold several similar cranes in this state and had sent its sales and service personnel here to transact its business.

Defendant's course of conduct in mailing advertising materials and delivering its manufactured product met the first two tests of *Tyee, supra,* and we see no affront to traditional notions of fair play as prescribed in the third test. The manufacturer's actions in advertising and delivering its product to the ultimate buyer for use within this state compel the conclusion that defendant submitted to the jurisdiction of this state under the long-arm statute for damages caused by both negligence in the manufacture and breach of the manufacturer's warranties.

Affirmed.

ROSELLINI, C. J., OTT and HUNTER, JJ., and SOULE, J. Pro Tem., concur.

March 9, 1967. Petition for rehearing denied.