[No. 39058.    Department One.    March 14, 1968.]

GEORGE J. TOULOUSE, JR., *Respondent,* v. ELMER SWANSON, *Appellant.*\*

*Haugland & Sherrow* and *Robert C. Williams,* for appellant.

*Wettrick, Toulouse, Lirhus & Hove,* by *Arnold J. Barer,* for respondent.

WEAVER, J.—Defendant appeals from an order denying his motion to quash service of summons made upon him at Challis, Idaho, July 27, 1964. The motion is based upon the fact that he was a nonresident of Washington. He also appeals from a $1,000 judgment entered against him April 1, 1966.

In 1956, defendant employed plaintiff, a lawyer duly admitted to practice law in this state, to represent him, as a beneficiary of his mother's estate, in extended litigation involving the estate and his interest therein. It is undisputed that defendant was in the state of Washington on many occasions from 1956 to 1959, and was a frequent visitor, as a client, to plaintiff's law office.

The trial court found "that this contract [of employment] called for services over an extended period of time." Since defendant's counsel in oral argument before this court (tape recorded) stated that "there is no dispute as to

\*Reported in 438 P.2d 578.

the particular services in question," we skeletonize plaintiff's services.

Plaintiff successfully defended an action brought against defendant by the administrator of his mother's estate. Plaintiff participated, on behalf of defendant, in other estate litigation; he was instrumental in reducing the amount of a bond and its premium for the reissuance of corporate stocks; he was successful in effecting a material reduction of administrator's and attorney's fees when the corporate administrator withdrew; in short, plaintiff shepherded defendant's interest in his mother's estate in the best tradition of a competent counsel. The estate was finally closed in October, 1962.

Plaintiff had been paid certain advances during this protracted period of service. Finally, July 21, 1964, plaintiff commenced this action for $1,000 covering services performed within 3 years.

■ We find no merit in defendant's contention that the trial court erred when it refused to quash the service of summons upon him made in the state of Idaho. This is a classic case for the application of RCW 4.28.180 and 4.28.185, the "long arm" statute that provides:

> Personal service of summons or other process may be made upon any party outside the state. If upon a citizen or resident of this state or upon a person *who has submitted to the jurisdiction of the courts of this state,* it shall have the force and effect of personal service within this state; . . . . (Italics ours.) RCW 4.28.180.
>
> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:
>
> (a) The transaction of any business within this state;
> (b) . . . .
> (c) The ownership, use, or possession of any property whether real or personal situated in this state;
>
> . . . .
>
> (2) Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided

in this section, may be made by personally serving the defendant outside this state, as provided in RCW 4.28.180, with the same force and effect as though personally served within this state.

(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this section. RCW 4.28.185. (Laws of 1959, ch. 131, § 2.)

Jurisdiction might be sustained upon RCW 4.28.180, *supra,* alone upon the ground that defendant "has submitted to the jurisdiction of the courts of this state," for he certainly availed himself of the benefits of our judicial machinery to protect his interests in his mother's estate.

Jurisdiction becomes undebatable, however, when RCW 4.28.185, *supra,* is considered. The requisites necessary for its application were first set forth in *Tyee Constr. Co. v. Dulien Steel Prods., Inc.,* 62 Wn.2d 106, 381 P.2d 245 (1963):

it would appear reasonable, however, to conclude that there are three basic factors which must coincide if jurisdiction is to be entertained. Such would appear to be: (1) The nonresident defendant . . . must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state *must not offend traditional notions of fair play and substantial justice,* consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation. (Footnote citations omitted.) (Italics ours.)

We have not varied from the requirements of this rule.[1] The authorities appearing in the margin discuss, at great

---

[1]*Nixon v. Cohn,* 62 Wn.2d 987, 385 P.2d 305 (1963); *Golden Gate Hop Ranch, Inc. v. Velsicol Chemical Corp.,* 66 Wn.2d 469, 403 P.2d 351 (1965); *Quigley v. Spano Crane Sales & Serv., Inc.,* 70 Wn.2d 198, 422 P.2d 512 (1967); *Oliver v. American Motors Corp.,* 70 Wn.2d 875, 425 P.2d 647 (1967); *Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc.,* 71 Wn.2d 679, 430 P.2d 600 (1967); *Callahan v. Keystone Fireworks Mfg. Co.,* 72 Wn.2d 823, 435 P.2d 626 (1967).

length, the rationale of the theory set forth in *International Shoe Co. v. Washington*, 326 U.S. 310, 90 L. Ed. 95, 66 Sup. Ct. 154, 161 A.L.R. 1057 (1945), and related cases.

It is beyond dispute that defendant consummated a transaction in this state when he employed plaintiff as his lawyer; and that the present action arises from that transaction. Nor will the record support a conclusion that the present action is an affront to the "traditional notions of fair play and substantial justice" necessary for due process of law.

*O'Brien v. Lanpar Co.*, 399 S.W.2d 340 (Tex. 1966), in which the rule we announced in *Tyee, supra*, is quoted verbatim, is directly in point. The president of a Texas corporation went to Illinois where he employed a lawyer to do certain legal work for the corporation. Not having been paid in full for his services, the lawyer secured a default judgment in Illinois, service of summons having been made in Texas. The Texas Supreme Court upheld the Illinois judgment in accordance with the Illinois "long arm" statute.

In the instant case, the courts of this state had in personam jurisdiction of defendant, a resident of Idaho.

Defendant's remaining assignments of error are directed to two findings of fact. There is competent evidence in the record to support the findings and we cannot disturb them.

The judgment is affirmed.

FINLEY, C. J., HILL and HALE, JJ., and WARD, J. Pro Tem., concur.