[No. 42621.    En Banc.    April 19, 1973.]

ACE NOVELTY CO., *Appellant*, v. M. W. KASCH COMPANY, *Respondent.*

*Arnold B. Robbins* (of *Breskin, Rosenblume & Robbins*), for appellant.

*Basil L. Badley* (of *Carney, Stephenson, Siqueland, Badley & Smith*), for respondent.

FINLEY, J.—This is an appeal by the plaintiff-appellant, Ace Novelty Co., d/b/a Specialty Manufacturing Co., from a judgment of the King County Superior Court granting a motion of the defendant-respondent, M. W. Kasch Company, for summary judgment of dismissal of the action for lack of jurisdiction. The suit was brought by Ace Novelty

Co. to recover $24,530.92 for merchandise allegedly sold and delivered to the respondent.

The facts of this case are as follows: Ace Novelty Co. is a Washington state corporation with its principal place of business in Seattle; M. W. Kasch Company is a Wisconsin corporation with its principal place of business located in Milwaukee. On June 29, 1971, appellant Ace Novelty Co. filed suit against respondent M. W. Kasch Company in the King County Superior Court claiming that the respondent owed $24,530.92 for goods, wares, and merchandise sold and delivered to the respondent. Thereafter, the appellant had writs of attachment and garnishment issued against and served upon Walgreen Co., F. W. Woolworth Co., J. C. Penney Co., S. S. Kresge Co., W. T. Grant Co., and Sears, Roebuck and Co., claiming that each of these national corporations which did business in Washington were indebted to the respondent. The latter three companies, however, answered that no such indebtedness existed. On July 27, 1971, summons and complaint were served on the respondent in Wisconsin. In response to this complaint and in support of its trial motion to dismiss the complaint, the respondent filed an affidavit with the trial court stating that at no time had it done business within the state of Washington, that it has neither salesmen nor offices within this state, and that all aspects of the transaction between the appellant and the respondent had occurred outside the state of Washington through the appellant's agent in Chicago, Illinois. After considering the records, files, memoranda, and arguments of counsel, the trial court granted the respondent's motion for summary judgment of dismissal for lack of jurisdiction over either the person of the respondent or the subject matter of the action. The appellant, Ace Novelty Co., has appealed.

Essentially, this action involves an attempt by the appellant to obtain jurisdiction in this forum over the respondent by the sequestration of alleged assets of the respondent which the appellant contends exist in this state. The argument of the appellant rests upon two contentions: (1)

debts owed the respondent by foreign corporations which do business in Washington constitute domestic assets of the respondent, and (2) by having writs of attachment and garnishment issued against these "local assets", quasi in rem jurisdiction may be obtained over the claim against the respondent to the extent of such property within this forum. Upon this two-fold basis, the appellant concludes that the courts of this state have jurisdiction to hear the original claim. We disagree, and hold that maintenance of the immediate action in this state is offensive to and in violation of the due process clause of the fourteenth amendment to the United States Constitution.

The basic test established by this court for determining whether jurisdiction exists over a nonresident defendant and/or foreign corporation sufficient to maintain an action in the state of Washington was set out in *Tyee Constr. Co. v. Dulien Steel Prods., Inc.,* 62 Wn.2d 106, 381 P.2d 245 (1963). We dealt in that case with an action brought by a Washington corporation against a New Jersey corporation for extra costs incurred under a contract. In affirming dismissal of that claim for lack of jurisdiction, we held the following:

> [T]here are three basic factors which must coincide if jurisdiction is to be entertained. Such would appear to be: (1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

(Footnotes omitted.) *Tyee Constr. Co. v. Dulien Steel Prods., Inc., supra* at 115-16. We have not varied from the

requirements of this rule,[1] and we see no reason to abandon them now. In applying this three-fold test, the following material facts are relevant to the first element requiring the performance of some act by the defendant foreign corporation in the forum state: As noted above, the respondent employs no salesmen in the state of Washington, and maintains no offices here; indeed, the respondent has never transacted business within this state. The record in this case shows that the appellant solicited the immediate sale by contacting the respondent in Wisconsin, and consummated the transaction through appellant's agent in Chicago. It is therefore evident that the respondent neither performed any act nor consummated any transaction in the state of Washington.

The appellant, however, contends that its attachment and garnishment of what it alleges to be the domestic assets of the respondent afford a sufficient ground for quasi in rem jurisdiction. Relying upon *Harris v. Balk,* 198 U.S. 215, 49 L. Ed. 1023, 25 S. Ct. 625 (1905), the appellant argues that the situs of a debt follows the debtor, and therefore, since certain foreign corporations which are indebted to the respondent are doing business in Washington, the situs of such indebtedness is in this forum, as it is in all of the 50 states.

In 1905—the year in which *Harris* was decided—this country did not abound in national corporations doing business in all states of the Union. Since that time, conditions of doing business in this country have changed remarkably,

[1] *Nixon v. Cohn,* 62 Wn.2d 987, 385 P.2d 305 (1963); *Golden Gate Hop Ranch, Inc. v. Velsicol Chem. Corp.,* 66 Wn.2d 469, 403 P.2d 351 (1965); *Quigley v. Spano Crane Sales & Serv., Inc.,* 70 Wn.2d 198, 422 P.2d 512 (1967); *Oliver v. American Motors Corp.,* 70 Wn.2d 875, 425 P.2d 647 (1967); *Griffiths & Sprague Stevedoring Co. v. Bayly, Martin & Fay, Inc.,* 71 Wn.2d 679, 430 P.2d 600 (1967); *Callahan v. Keystone Fireworks Mfg. Co.,* 72 Wn.2d 823, 435 P.2d 626 (1967); *Toulouse v. Swanson,* 73 Wn.2d 331, 438 P.2d 578 (1968); *Thiry v. Atlantic Monthly Co.,* 74 Wn.2d 679, 445 P.2d 1012 (1968); *Bowen v. Bateman,* 76 Wn.2d 567, 458 P.2d 269 (1969); *Deutsch v. West Coast Mach. Co.,* 80 Wn.2d 707, 497 P.2d 1311 (1972); *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 501 P.2d 290 (1972).

and the United States Supreme Court has responded to these changes by overlaying certain requirements of due process upon its ruling in *Harris* to protect parties from being forced to defend suit in an arbitrarily-selected and burdensome forum. We are bound by these due process requirements in our determination of the issue whether a debt owed in all 50 states is capable of "situs" in Washington sufficient to maintain suit in this forum under a quasi in rem theory, where (1) the original suit involving the principal parties is unrelated to the garnished indebtedness of the third-party defendants, (2) the debts garnished did not arise out of any activities carried on in this forum, and (3) no connection exists between the original transaction of the principal parties and this forum, with the exception of the appellant's presence here.

██ ██ In this regard, it is clear that a garnishment action is an ancillary proceeding. *Hillman v. Gray,* 163 Wash. 406, 1 P.2d 318, 75 A.L.R. 1356 (1931); *State ex rel. Pioneer Mining & Ditch Co. v. Superior Court,* 108 Wash. 183, 183 P. 74 (1919). Even in *Harris,* the Supreme Court ruled that an action against a third-party debtor can be maintained only if the principal debtor could have sued on the indebtedness in that particular jurisdiction. *Accord, Sundberg v. Boeing Airplane Co.,* 52 Wn.2d 734, 328 P.2d 692 (1958). It follows from the ancillary character of garnishment proceedings that, in order to sustain them, there must be jurisdiction over the proceeding against the principal defendant.[2] In the immediate case, the appellant, through the process of garnishment, has created an artificial relation between the state of Washington and the original transaction involving the respondent, thereby attempting to "bootstrap" its claim against the respondent into the jurisdiction of this forum by means of an *ancillary* proceed-

---

[2] *See, e.g., Galindo v. Western States Collection Co.,* 82 N.M. 149, 477 P.2d 325 (1970); *Mahrle v. Engle,* 261 Wis. 485, 53 N.W.2d 176 (1952); *Fraser v. Collier Constr. Co.,* 297 Mich. 641, 298 N.W. 313 (1941); *Missouri Pac. R.R. v. McLendon,* 185 Ark. 204, 46 S.W.2d 626, 628 (1932).

ing. In this respect, and in the context of the due process requirements of *Tyee,* the United States Supreme Court has held that maintenance of the suit must not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945); *Milliken v. Meyer,* 311 U.S. 457, 463, 85 L. Ed. 278, 61 S. Ct. 339, 132 A.L.R. 1357 (1940). The rationale for this holding in *International Shoe* was stated by the court as follows:

> [T]o the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations, and, so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.

*International Shoe Co. v. Washington, supra* at 319. This same reasoning appeared in *Hanson v. Denckla,* 357 U.S. 235, 253, 2 L. Ed. 2d 1283, 78 S. Ct. 1228 (1958):

> The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, *but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.*

(Italics ours.)[3] Since the situs of a transitory, intangible res

---

[3]Additionally, the Supreme Court has emphasized the strictness with which the requirements of due process must be applied in garnishment actions, observing the "grave injustices made possible by prejudgment garnishment." *Sniadach v. Family Fin. Corp.,* 395 U.S. 337, 340, 23 L. Ed. 2d 349, 89 S. Ct. 1820 (1969); *see also* Comment, *Wage Garnishment in Washington—An Empirical Study,* 43 Wash. L. Rev. 743 (1968), and Note, 46 Wash. L. Rev. 423 (1971). Since our decision in this case concerns purely procedural matters of jurisdiction, we do not reach the issue whether prejudgment garnishment of a debt may result in an abridgement of due process.

is necessarily fictional,[4] and since the situs of a debt is not limited to the domicile of the debtor but includes any place where jurisdiction in personam may be obtained over him,[5] we are governed in our determination of the "situs" of the debts here involved by the above due process guidelines for jurisdiction in general, and in personam jurisdiction in particular.[6]

With these standards of due process in mind, since the respondent has neither performed any act nor consummated any transaction in this state, and therefore enjoys no benefit or protection of Washington law, and since neither the original agreement giving rise to the appellant's claim *nor even the ancillary garnishment proceeding* arises out of any transaction connected with the state of Washington, we hold that maintenance of the immediate suit in this forum would offend "traditional notions of fair play and substantial justice,"[7] and would therefore violate the requirements

---

[4]"To define *situs* as jurisdiction *in rem,* however, necessarily postulates a *res.* Certain uses of the term which have erroneously disregarded this requirement must be noted. Thus, a debt is often said to have a *situs.* For purposes of garnishment, this is said to be where the debtor may be sued. But since a debt is merely a relation between debtor and creditor which is incapable of existing independently of the parties to that relation, it is clear that it can have no *situs.* It can be properly dealt with only by a court having personal jurisdiction over the parties to the relation; and to say that it has a *situs* leads to the unfortunate and dangerous result of trying to resolve a problem calling for jurisdiction *in personam* by principles which govern actions *in rem.*" (Footnotes omitted.) Note, 39 Harv. L. Rev. 485, 486 (1926).

[5]*See* Andrews, *Situs of Intangibles in Suits Against Nonresident Claimants,* 49 Yale L.J. 241 (1939); Beale, *The Exercise of Jurisdiction In Rem to Compel Payment of a Debt,* 27 Harv. L. Rev. 107, 118 (1913).

[6]*See* Powell, *The Business Situs of Credits,* 28 W. Va. L.Q. 89, 106 (1922). The article concludes that "to have a business *situs* of credits, the credits must be the product of a business within the jurisdiction."

[7]*International Shoe Co. v. Washington,* 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154, 161 A.L.R. 1057 (1945). Although the Supreme Court has, in a few cases, ruled that jurisdiction exists in the forum state over a claim against a nonresident which did not arise out of any activities within that state, in those instances

the continuous corporate operations within [the] state were thought so substantial and of such a nature as to justify suit against

of due process of law dictated by the fourteenth amendment to the United States Constitution.

For these reasons, the judgment of the trial court dismissing this action for lack of jurisdiction over either the person of the respondent or the subject matter involved is hereby affirmed.

HALE, C.J., ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, UTTER, and BRACHTENBACH, JJ., concur.

---

it on causes of action arising from dealings entirely distinct from those activities.

*International Shoe Co. v. Washington, supra* at 318. In the immediate case, the corporate operations of the respondent have been neither continuous nor even existent.

> [U]nless the claim as made in the garnishment proceedings is a very large one it will hardly pay [the nonresident defendant] to travel across the country in order to meet the charge, taking with him his evidence.

27 Harv. L. Rev. at 122.