HOMER W. DEAKMAN AND T. RICHMOND WELLS, PARTNERS TRADING AS DEAKMAN-WELLS COMPANY, RESPONDENT, v. THE ODD FELLOWS HALL ASSOCIATION OF JERSEY CITY, PROSECUTOR.

Submitted January 18, 1933—Decided July 25, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Melosh, Morten & Melosh.*

For the respondent, *Autenrieth, Gannon & Wortendyke.*

PER CURIAM.

The question in this case is whether under the ordinary writ of execution a levy may be made upon funds of the defendant deposited in bank. A writ of execution was issued out of the Circuit Court of Hudson county in the form directed by section 1 of the act respecting executions (2 *Comp. Stat., p.* 2243) which directs:

"That in every writ of execution, which shall be issued against lands, tenements, hereditaments and real estate, the sheriff or other officer to whom said writ may be directed, shall be commanded that of the goods and chattels in his county of the party against whom such execution issues, he cause to be made the debt, damages and costs or sum of money mentioned in said execution; and if sufficient goods and chattels of the said party cannot be found in his county, that then he cause the whole or the residue, as the case may require, of the said debt, damages and costs, or sum of money to be made of the lands, tenements, hereditaments and real estate whereof the said party was seized."

Under the Practice act of 1903 (*Comp. Stat., p.* 4106), one recovering judgment could have such execution as he is entitled to against the body or the goods, or against the goods and lands of the party against whom the judgment was recovered.

In 1915, a supplement to the execution act was passed in chapter 115. By section 1 of that act rights and credits of a defendant in execution were made subject to levy, and thus the law respecting executions stands today.

In the act of 1915 it is provided that nothing contained therein shall impair any provision of the act to which it is a supplement. No modification of the form of the writ is directed or indeed authorized. Under the form used executions have been habitually issued for nearly twenty years and under these writs the rights and credits of debtors due to them from others have been taken in execution and availed

of to satisfy judgments, and this fact is not without bearing on the interpretation which the courts should place upon the legislation.

When the legislature, without modifying the form of the writ of execution or authorizing the courts to modify it to suit supplementary legislation, incorporated within its purview additional objects upon which it could operate, it is fair to assume that the writ in its then form was intended to be continued and to be operative in its effects so as to include the additional subjects.

As the various proceedings taken in the court below turned for their validity upon the determination of the question already discussed, and as we have determined that these proceedings for the reasons already adduced were valid, the writ will be dismissed.