SAMUEL COHEN, SOLE SURVIVING EXECUTOR AND TRUSTEE OF THE ESTATE OF JACOB COHEN, DECEASED, PLAINTIFF-PROSECUTOR, v. SADIE COHEN, DEFENDANT-RESPONDENT.

Submitted January 21, 1941—Decided June 14, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PERSKIE.

For the prosecutor, *J. Bernard Saltzman.*

For the respondent, *Feder & Rinzler (Joseph A. Feder* and
*Jack Rinzler,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. The question for decision is whether Sadie
Cohen's one-third share in the sum of $23,874.90, payable to
her on July 7th, 1945, provided she is then living, is a right
or credit presently subject to levy and sale under our Execu-
tion laws.

The facts are free from dispute. Sadie Cohen's now
deceased husband, Ben Cohen, had owned, during his lifetime,
seven policies of insurance with the Metropolitan Life Insur-
ance Company. Sadie Cohen was the beneficiary of each of
these and the total sum payable thereunder was $25,000. Ben
Cohen pursuant to option one of the "modes of settlement" in
the policies had by a written instrument directed the insur-
ance company to retain the proceeds of the policies for ten
years after his death; to permit his widow, Sadie Cohen,
defendant below and respondent here, to withdraw a sum not
exceeding $300 from the moneys retained by it; and to pay
her 3½% interest on the principal.

Accordingly, upon the death of Ben Cohen, by an instru-
ment in writing issued and entitled "Supplementary contract,
No. 15624R," the insurance company agreed, among other
things, that in consideration of the surrender to it of the
seven policies it would "retain" the $23,874.90, the amount
apparently, actually payable under the policies, and it prom-
ised to pay interest to Sadie Cohen upon that amount at the
"guaranteed rate of 3½ per centum per annum * * *
*until the seventh day of July, 1945, when the amount then
retained by the company, together with the interest then
accrued thereon, shall be paid at once in one sum to the said*

*Sadie Cohen and Irving Cohen and Annette Cohen, in equal shares* \* \* \*." The contract further provided, however, *"that in the event the death of the said Sadie Cohen shall occur prior to the seventh day of July,* 1945, the amount then retained by the company shall be apportioned in equal shares to the said children \* \* \*."

Sadie Cohen is living and receiving her annual income of $1,135.62 (consisting of $835.62 guaranteed interest and $300 permissive annual withdrawal) in pursuance of the afore-mentioned supplementary contract, which contract had been modified so that the annual income was, in fact, paid in twelve monthly payments.

The plaintiff below, and prosecutor here, obtained a judg-ment by default against Sadie Cohen and two others in the Passaic County Circuit Court. He thereafter proceeded by diverse methods, to seek to obtain satisfaction of this judg-ment out of the annual income and out of the one-third share payable to defendant on July 7th, 1945, in accordance with her aforementioned supplementary contract with the insur-ance company.

On the return of a rule to show cause why plaintiff should not have satisfaction of his judgment out of the aforemen-tioned funds, Circuit Court Judge Wolber dismissed the rule and thus denied plaintiff the right to seek satisfaction either out of defendant's annual income or out of the one-third share of the principal payable on July 7th, 1945.

In reference to the latter, Judge Wolber pointed out that defendant's right therein "is subject to her being alive on July 7th, 1945." Accordingly, he concluded that, assuming that there can be a remainder over in personal property, "it would therefore follow that if her right to participate in the distribution of the *corpus* of the trust estate on July 7th, 1945, is an estate in remainder, it would be a contingent one, and like future executory interests, not leviable and salable under our Execution Act."

Plaintiff obtained a writ of *certiorari* to review the deter-mination of Judge Wolber upon the rule to show cause. He does not presently dispute that part of the ruling which pre-cludes him from satisfying his judgment out of the annual

income of $1,135.62 as aforesaid. Instead, under his four grounds of appeal, he argues, in substance, only one point— namely, that the one-third share payable to defendant on July 7th, 1945, is not a contingent remainder but a vested remainder and as such it is subject to execution, levy and sale pursuant to the various provisions of our Execution laws. Defendant, on the other hand, argues two points, namely, that the one-third share is, in accordance with the determination below, a contingent remainder, and that the insurance company is trustee of the one-third share for the *cestui que trust,* Sadie Cohen, whose equitable interest is not subject to execution, levy and sale at law.

Our consideration and determination of the posed question requiring decision in this cause is based upon the fundamental principle that we are not concerned with the reasoning but rather with the propriety of the result reached. *McCarty* v. *West Hoboken,* 93 *N. J. L.* 247; 107 *Atl. Rep.* 265; *Central Railroad Company of New Jersey* v. *State Tax Department,* 112 *N. J. L.* 5, 16; 169 *Atl. Rep.* 489. While we concur in the result reached, we neither share the reasoning of the court below nor that of counsel for the respective parties. What then is the right of Sadie Cohen to the money retained by the insurance company?

1. While it is true, that the equitable interest of a *cestui que trust* is not subject to levy and sale at common law (*Cowan* v. *Storms,* 121 *N. J. L.* 336, 340; 2 *Atl. Rep.* (2d) 183; *Restatement of Trusts, p.* 361, § 147(c)), it is equally true that no trust relationship exists here between the insurance company and defendant, Sadie Cohen. A trust arises as a result of a manifestation of an intention that the trustee is to deal, as a fiduciary, with some *specific property* for the benefit of another. *Restatement of Trusts, p.* 6, § 2; *Scott on Trusts,* § 12.1. While the supplementary contract entered into between the insurance company and defendant provides that the company, "is to retain" $23,874.90, it does not in anyway restrict the use to which the insurance company is to put this money. There are no provisions whatsoever which require the money to be kept or used as a separate fund for the benefit of anyone. Nor does the instrument, in anyway,

employ the customary language generally used to create a trust. In fact, it bears the title, as we have seen, of "supplementary contract" and throughout employs the terms of contract and not those of trust. In addition, the insurance company has agreed to pay a guaranteed interest rate of $3\frac{1}{2}\%$ on the specific sum retained, and to permit Sadie Cohen to withdraw $300 annually from that sum regardless of how much the money actually earns and regardless of any benefits to the insurance company for the retention of this money. Under such circumstances, it is clear, a trust does not arise. *Restatement on Trusts*, p. 42, § 12(*g*); *Scott on Trusts*, § 12.2.

2. Nor do we think that the question of vested or contingent future interest, fully discussed by respective counsel and carefully considered by us, is present in the case at bar.

We are firmly of the opinion that the supplementary contract creates the relationship of debtor and creditor between the parties. The insurance company simply became obligated to pay a certain sum on a certain day and defendant will simply become entitled to the payment of a third part thereof on July 7th, 1945, if she be alive on that day. There is no specific property which, as a *corpus* or *res*, is to be preserved or held for a *cestui que trust* or future remainderman. The unrestricted right of the insurance company to the use of the fund, its obligation to pay defendant the guaranteed rate of interest on the fund, and the withdrawal of $300 annually, whether earned or not, are, in addition to all other circumstances exhibited, persuasive that the relationship between the parties is clearly that of debtor and creditor. *Tucker* v. *Linn*, 57 *All. Rep.* 1017; *Restatement of Trusts*, § 12(*g*); *Scott on Trusts*, § 12.2. We so hold.

3. Having determined that the relationship between Sadie Cohen and the insurance company is that of debtor and creditor, the question still to be determined is whether Sadie Cohen's right or credit in the sum payable to her on July 7th, 1945, is presently subject to levy and sale. We do not think so.

Pursuant to the applicable statutes (*R. S.* 2:26-109 to 171) rights and credits may be levied upon as other personal goods and chattels (*Moran* v. *Joyce*, 124 *N. J. L.* 255, 257; 11

*Atl. Rep.* (*2d*) 420), even under an ordinary writ of execution. *Deakman* v. *Odd Fellows Hall Association of Jersey City*, 11 *N. J. Mis. R.* 646; 167 *Atl. Rep.* 741. Such rights and credits, however, to be the subject of levy and execution must not only be liquidated (*The Barrett Co.* v. *United Building Const. Co.*, 5 *N. J. Mis. R.* 87, 88; 135 *Atl. Rep.* 477), but must also (to satisfy the statutory requirements of being taken as property is taken under writs of attachment) be certain existing debts. A debt which is uncertain and contingent, in the sense that it may never become payable, is not subject to levy and sale. *Terry* v. *Owatonna Canning Co.* (*Court of Errors and Appeals*), 119 *N. J. L.* 455, 458; 197 *Atl. Rep.* 36. Since the money will not be due and payable to defendant if she is not alive on July 7th, 1945, the debt is altogether too uncertain and speculative to permit of a "fair appraisement and sale" and is, therefore, not presently subject to levy and sale under our Execution laws. *Cf. Hopper* v. *Gurlman*, 126 *N. J. L.* 263, 275; 18 *Atl. Rep.* (*2d*) 245.

Accordingly, the order under review which on May 11th, 1939, dismissed the rule to show cause entered January 3d, 1939, is affirmed.

The writ is discharged, with costs.