■ RALPH FINE, Appellant, v CHARLES SPIERER, Respondent. — Order, Supreme Court, New York County (Felice Shea, J.), entered October 9, 1984, which denied plaintiff's motion for an order of attachment, unanimously reversed, on the law, with costs, and the motion for an order of attachment is granted.

On May 19, 1984 plaintiff secured a default judgment in Florida in the sum of $31,460.54, plus interest, based upon the failure of defendant, now a California domiciliary, to pay some 31 promissory notes in the sum of $1,000 each. By order to show cause pursuant to CPLR 6201 (4), which authorizes an order of attachment in any action "based on a judgment, decree or order of a court of the United States or of any other court which is entitled to full faith and credit in this state", plaintiff commenced this action against defendant and sought an order of attachment. The property sought to be attached was defendant's

interest in his mother's estate under a will probated in the New York County Surrogate's Court.

Special Term denied plaintiff's application for attachment, holding that New York lacked jurisdiction under the principle set forth by the United States Supreme Court in *Shaffer v Heitner* (433 US 186). As formulated by the New York Court of Appeals in *Banco Ambrosiano v Artoc Bank & Trust* (62 NY2d 65, 71), the *Shaffer* rule provides: "[W]hen the property serving as the jurisdictional basis has no relationship to the cause of action and there are no other ties among the defendant, the forum and the litigation, quasi-in-rem jurisdiction will be lacking".

It is, however, apparent that Special Term's attention had not been invited to the following observations of the Supreme Court in *Shaffer,* which apply directly to the situation presented (433 US, at p 210): "[W]e know of nothing to justify the assumption that a debtor can avoid paying his obligations by removing his property to a State in which his creditor cannot obtain personal jurisdiction over him. The Full Faith and Credit Clause, after all, makes the valid *in personam* judgment of one State enforceable in all other States." In footnote 36 on pages 210-211, the Supreme Court went on to say: "Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter".

The situation presented here appears clearly to fall within the scope of this principle. Accordingly it was error to deny plaintiff's application for an order of attachment. Concur — Sandler, J. P., Asch, Fein and Kassal, JJ.