232 N.J. Super. 155 (1989)
556 A.2d 817
JACOBS, BELL & BAUMOL, A PROFESSIONAL ASSOCIATION, FORMERLY KNOWN AS FREINT, JACOBS, BELL & BAUMOL, VENTURE MARKETING CORP., A NEW JERSEY CORPORATION AND GLORIA M. MATURO, C.P.A., PLAINTIFFS,
v.
GARY CURTIS, KELLY CURTIS AND POSTMARK INTERNATIONAL, INC., DEFENDANTS.
Superior Court of New Jersey, Law Division Bergen County.
Decided January 20, 1989.
*156 Raphael G. Jacobs for plaintiffs (Jacobs, Bell & Baumol, attorneys).
No appearance by defendants.
SWEEN, J.S.C.
Plaintiffs are judgment creditors who have made application to the court for an order directing that a sheriff conduct a public sale of defendants' right, title and interest in the servicemark "Postmark International" registered as # 1408933 in the United States Patent and Trademark Office and all franchise agreements made between Postmark International, Inc. and its franchisees. The application raises the novel issue as to whether a New Jersey sheriff can levy on a servicemark registered in the United States Patent and Trademark Office and, if not, whether there are any legal means by which a New Jersey judgment creditor may seek to satisfy a judgment from defendants' registered servicemark.
*157 In May 1988 plaintiffs obtained judgments totaling $18,170 against defendants which are unsatisfied. Defendant Postmark International, Inc., a New Jersey corporation, has moved its business from New Jersey to Canada and no longer has any tangible assets in this State. However, defendant is the owner of a registered servicemark "Postmark International," which plaintiffs believe to be a valuable asset, and interests in franchise agreements in New Jersey and other states.
Generally, all property, including intangibles, is subject to levy to satisfy a judgment under the provisions of N.J.S.A. 2A:17-15 et seq. and in McCray v. Chrucky, 68 N.J. Super. 533 (Cty.Ct. 1963) the court found:
The statutes governing execution permit a levy to be made upon property of every nature and description. Specific mention is made of real property, goods and chattels, N.J.S. 2A:17-1; rights and credits, N.J.S. 2A:17-57; and property, real and personal, N.J.S. 2A:26-2. The courts are enjoined to regard statutes of this type as remedial in nature and to construe them liberally in favor of creditors and claimants. Cowan v. Storms, 121 N.J.L. 336, 342 (Sup.Ct. 1938); N.J.S. 2A:26-1. Concerning statutory remedies in aid of enforcing judgments, it has been said that,
... It is the general policy of the law to lend the creditor all reasonable assistance for the enforcement of his claim, especially against a debtor who, though possessed of the means to pay, seeks to evade his obligation. Passaic National Bank v. Eelman, 116 N.J.L. 279, 286 (Sup.Ct. 1936). [68 N.J. Super. at 535].
The issue presented to the court is whether defendants' registered servicemark is "property" subject to levy and sale to satisfy a judgment, and, if not, whether there is any reasonable assistance the court can afford a plaintiff to compel a defendant to pay its obligation.
A servicemark or trademark is not a property right in gross which may be sold apart from the business or goodwill with which the trademark has been associated. Marshak v. Green, 746 F.2d 927, 929 (2 Cir.1984); Mister Donut of America, Inc. v. Mr. Donut, Inc., 418 F.2d 838, 842 (9 Cir.1969). A trademark is not analogous to a statutory copyright or patent for an invention. United Drug Co. v. Theodore Rectanus Co., *158 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141 (1918). Therefore, the court finds that plaintiff-judgment creditor may not levy upon and sell defendants' registered servicemark or trademark, and plaintiffs' application for an order directing a sheriff's sale of defendants' servicemark or trademark is denied.
However, plaintiffs are not without a remedy. In Adams Apple Distributing v. Papeleras Reunidas, 773 F.2d 925 (7 Cir.1985), the court found that an equitable lien could be placed on a registered trademark to secure a judgment. The court will enter an order imposing an equitable lien on defendants' servicemark "Postmark International" registered as # 1408933 in the United States Patent and Trademark Office, which plaintiffs may file in the assignment division of the United States Patent and Trademark Office in Washington, D.C.
A trademark is an asset that may be sold in an involuntary judicial sale if it is sold together with the owner's tangible business assets or good will. U.S. Ozone Co. v. U.S. Ozone Co. of America, 62 F.2d 881 (7 Cir.1933) (held a trademark is an asset of a bankrupt's estate which is saleable in bankruptcy proceedings along with the bankrupt's good will or other tangible business assets).
As defendant is a New Jersey corporation in good standing which has apparently abandoned its business and registered offices in this State, while, apparently, continuing its franchise business from offices in North York, Ontario, Canada, refusing to satisfy plaintiffs' judgment, the court will entertain an application for an order to show cause directed to defendants why an order should not be entered directing a judgment sale of defendants' business including its interest in any franchise agreements, good will, and registered servicemark "Postmark International" to satisfy plaintiffs' judgment and equitable lien on defendant's servicemark.