233 N.J. Super. 608 (1989)
559 A.2d 866
SANTIAGO RUIZ, PLAINTIFF-APPELLANT,
v.
MARIA LLOSES ALSO KNOWN AS MARIA LLOSES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1989.
Decided June 13, 1989.
*609 Before Judges GAULKIN, R.S. COHEN and ARNOLD M. STEIN.
Donald B. Fraser, Jr., argued the cause for appellant (Lum, Hoens, Conant & Danzis, attorneys; Dennis J. Drasco, of counsel; Donald B. Fraser on the brief).
Edward S. Seradzky argued the cause for respondent.
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
This is a suit to enforce a Florida judgment. We hold that in an action to enforce a money judgment of a sister state, ownership of an interest in New Jersey real estate is sufficient to establish jurisdiction over the person of the judgment debtor.
Following a contested trial, plaintiff obtained a $30,000 judgment against defendant and another in the Eleventh Circuit Judicial Court, Dade County, Florida. Plaintiff, who was unable to satisfy the judgment in Florida, learned that defendant had an ownership interest in a multi-story building located at 2906 Bergenline Avenue in Union City. The building contains at least one store and several apartment units. Defendant's name appears on the mailbox for the first floor apartment, together with a note indicating that if there is no answer at the *610 apartment, the inquirer is to contact either the store or a third floor tenant by the name of "Alonzo." The note was signed "Maria." Maria is defendant's first name.
Plaintiff commenced this action to enforce the Florida judgment by obtaining a judgment in New Jersey pursuant to the Full Faith and Credit Clause of the United States Constitution, Art. IV, § 1. See, also, 28 U.S.C.A. § 1738. Once judgment is obtained in New Jersey, plaintiff could levy on defendant's interest in the Union City property.
After filing his complaint, plaintiff obtained an order from the Law Division permitting service upon defendant by certified mail, return receipt requested, at three locations: 2906 Bergenline Avenue, the building in which defendant had an interest; 2414 Bergenline Avenue, Union City, a location where defendant received utility bills for the building; and upon the bank which held the mortgage upon the building. Additionally, plaintiff had defendant personally served at her residence in Miami, Florida. Adequate notice to defendant of the law suit is therefore not in issue.
Defendant filed an answer to plaintiff's complaint, asserting that because she was a nonresident, the New Jersey courts did not have jurisdiction over her person.
The parties then cross-moved for summary judgment, plaintiff seeking full faith and credit for his Florida judgment and defendant claiming lack of personal jurisdiction. The Law Division judge granted defendant's motion, holding
... The ownership of property and the stated activities incident thereto as shown in this case do not constitute sufficient minimal contacts to allow in personam jurisdiction over the defendant.
We disagree. We need not decide whether there would be sufficient minimum contacts to confer personal jurisdiction in New Jersey if plaintiff's claim against defendant were an original matter. Cf. Avdel Corporation v. Mecure, 58 N.J. 264, 268 (1971) (our long-arm rule permits jurisdiction to be obtained against nonresident defendants to the outer limits permitted by *611 due process). Plaintiff has already obtained a valid judgment against defendant in Florida, a sister state. That judgment is entitled to the protection of the Full Faith and Credit Clause. Ownership by defendant of an asset in New Jersey is sufficient to confer the personal jurisdiction necessary for plaintiff to reduce the Florida judgment to a judgment in this forum. Any other result would give license to a judgment debtor from another jurisdiction to hide assets in a state where he or she has little or no other contact, thereby unconscionably frustrating the collection of an established debt.
In support of her claim that New Jersey has no jurisdiction over her person, defendant relies upon Schaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). That case held that, as a general proposition, there must be sufficient minimum contacts by a nonresident with the forum to obtain any type of jurisdiction  personal, in rem, or quasi-in rem  over that nonresident defendant. 433 U.S. at 207-209, 97 S.Ct. at 2581-2582, 53 L.Ed.2d at 699-701.
Schaffer provides no refuge to defendant. Justice Marshall's majority opinion points out
[W]e know of nothing to justify the assumption that a debtor can avoid paying his obligations by removing his property to a State in which his creditor cannot obtain personal jurisdiction over him. The Full Faith and Credit Clause, after all, makes the valid in personam judgment of one State enforceable in all other States. [433 U.S. at 210, 97 S.Ct. at 2582, 53 L.Ed.2d at 702].
Footnote 36 in Schaffer makes it clear that ownership of property by the nonresident debtor is sufficient to confer personal jurisdiction in a Full Faith and Credit situation:
Once it has been determined by a court of competent jurisdiction that the defendant is a debtor of the plaintiff, there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, whether or not that State would have jurisdiction to determine the existence of the debt as an original matter. [Id.].
We note that this plaintiff would not be burdened with bringing an entirely separate action to enforce his foreign judgment in any of the thirty-four states which have adopted the Uniform Enforcement of Foreign Judgments Act, 13 U.L.A. *612 149 (1964). New Jersey has not adopted this act which provides a simple mechanism for perfecting and enforcing the judgments of a sister state. The foreign judgment is filed in a court clerk's office in the forum state. The judgment then has the same effect as a domestic judgment (§ 2). Notice of filing must be given to the judgment debtor. Execution or other enforcement process does not issue until lapse of a certain number of days fixed by the statute of the adopting state (§ 3). Execution is stayed by proof of the debtor that an appeal is pending in the state where the judgment was obtained or for any reason and under such circumstances that a stay would be granted in the forum state (§ 4).
The order granting summary judgment in favor of defendant is reversed. Because only the amount due and owing is in dispute, the order denying summary judgment to plaintiff is reversed. Partial summary judgment is entered in favor of plaintiff and against defendant. The matter is remanded to the Law Division for the fixing of the amount due and owing from defendant to plaintiff on the Florida judgment.