240 N.J. Super. 260 (1990)
573 A.2d 182
FEDERAL DEPOSIT INSURANCE CORPORATION, PLAINTIFF-RESPONDENT-CROSS-APPELLANT,
v.
BIRCHWOOD BUILDERS, INC., PO-KING, LTD., WILLIAM C. RAGANELLA, JR., ROSEMARIE RAGANELLA, ANTHONY RAGANELLA AND CLAIRE RAGANELLA, DEFENDANTS-APPELLANTS-CROSS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 5, 1990.
Decided April 2, 1990.
*262 Before Judges BRODY, MUIR, JR., and SKILLMAN.
Eugene P. O'Connell, attorney for appellants.
Cassidy, Foss & San Filippo, attorneys for respondent (Mary Ellen Edwards, of counsel and on the brief).
The opinion of the Court was delivered by MUIR, Jr., J.A.D.
This appeal focuses on the different rights an individual partner has in a partnership and how the differences regulate the exposure of the rights to liens and executions of a judgment creditor of an individual partner. The Uniform Partnership Law (U.P.L.) provides a partner with two pertinent property rights: (1) his right in the "specific partnership property" and (2) his rights to the more generalized "interest in the partnership." N.J.S.A. 42:1-24.
The primary issue on this appeal is whether a trial court may order the sale of a partner's interest in a partnership, as opposed to the partner's interest in the specific property of a partnership, to satisfy a judgment against that partner. We conclude a court may order the interest in the partnership sold. We also conclude that in this instance the trial court should have ordered it sold.
The events that gave rise to this appeal began when plaintiff, on February 1, 1977, secured a $242,991.58 judgment against *263 the defendants in the Supreme Court of New York. Subsequent executions reduced the judgment to $200,349.50.
In March 1986, in post-judgment discovery, plaintiff learned that William C. Raganella, Jr., (defendant) owned a 40 percent interest in Carr Associates, a New Jersey partnership. It further learned the partnership owned a very valuable tract of vacant land in West New York, New Jersey. Plaintiff also discovered that defendant, a New York resident, was responsible for paying all taxes and expenses for the real property, and that neither the property nor the partnership yielded any income.
On April 20, 1987, plaintiff filed a complaint in the Superior Court to "domesticate" the New York judgment. On June 22, 1987, plaintiff secured an Order to Show Cause. The order required defendant to show cause why a writ of attachment should not issue "against" defendant. It also temporarily restrained defendant from alienating any assets he had in New Jersey. Subsequently, by consent order, defendant agreed not to alienate his interest in or the property of Carr Associates.
Thereafter, plaintiff moved for summary judgment. It sought entry of the New York judgment which, by that time, with interest accumulations, amounted to $385,538.15. It also sought an order charging defendant's interest in the partnership with payment of the judgment, appointing a receiver to handle defendant's profits and other income from the partnership, directing the sale of the partnership real estate or, although not specifically delineated in the motion, ordering sale of the defendant's interest in the partnership. The trial judge gave full faith and credit to the New York judgment and entered a judgment for its amount. He also entered an order charging defendant's interest in the partnership with satisfaction of the judgment. However, he denied any further relief.[1]
*264 Defendant appeals, contending he lacks sufficient minimum contacts with New Jersey to confer the personal jurisdiction required to give the New York judgment full faith and credit. He also argues plaintiff's complaint to "domesticate" the New York judgment is barred by a New York Statute of Limitations. Finally, he reasons, the trial court's charging order should be revised since it in effect countervails the U.P.L. proscription against attachment of the specific property of a partnership by a judgment creditor of an individual partner.
Plaintiff cross-appeals. It argues the trial court erred when it denied plaintiff's request to order the sale of defendant's interest in the partnership. In support of its contention, it highlights the distinction the U.P.L. makes between a partner's interest in the partnership and his or her interest in the specific property of the partnership.

I.
We find defendant's contention that the court lacked personal jurisdiction to be entirely without merit. In an action to enforce a money judgment of a sister state, ownership of an interest in New Jersey real estate is sufficient to establish jurisdiction over the person of the judgment debtor. Ruiz v. Lloses, 233 N.J. Super. 608, 611, 559 A.2d 866 (App.Div. 1989). Defendant, as a partner in Carr Associates, had the requisite interest in New Jersey real estate as a co-owner of the land in West New York. See N.J.S.A. 42:1-25 (partner is the co-owner with his partners of specific partnership property holding as tenants in partnership).

II.
We also find clearly without merit defendant's contention that a New York Statute of Limitations proscribes charging defendant's interest in the partnership with plaintiff's judgment. Defendant relies on New York Civil Practice Law and Rule 5203(a) which makes a docketed judgment a lien on real *265 property for only ten years. See N.Y.Civ.Prac.L. & R. § 5203(a) (McKinney 1978). The contention fails to consider that the defendant's interest in the partnership is not real property but personal property. Consequently, the trial judge correctly concluded the New York statute did not proscribe the charging of plaintiff's judgment.
All judgments in New York have a 20-year life. N.Y.Civ. Prac.L. & R. § 211(b) (McKinney 1978). Moreover, while judgments are a lien on real estate for only 10 years, as noted, personal property may be levied upon at any time during the 20-year period. See N.Y.Civ.Prac.L. & R. § 5203 (McKinney 1978); id. Commentary § 5203:3. Defendant's interest in the partnership is personal property. N.J.S.A. 42:1-26. Consequently, the charging of plaintiff's judgment against the defendant's interest in Carr Associates is not precluded by any New York Statute of Limitations.
Moreover, although there may be some distinction between a corporation created by Congress, such as plaintiff, see 12 U.S.C.A. § 1819, and an administrative agency created by Congress, such as the Small Business Administration, 15 U.S.C.A. § 631 et seq., it would appear the FDIC judgment is not subject to local statutes of limitation. See United States v. Kellum, 523 F.2d 1284, 1286-1287 (5th Cir.1975) (a Mississippi seven-year statute of limitation did not bar the Small Business Administration from enforcing a nine-year-old judgment against a Mississippi resident). While we need not resolve this issue on such grounds, in absence of a specific congressional intent to waive governmental immunity from state statutes of limitation, the contention of plaintiff's immunity from local statutes of limitation is persuasive. See id. We turn now to the principal issue.

III.
In 1919, New Jersey adopted the U.P.L. without substantial change, N.J.S.A. 42:1 to -43. The U.P.L., as noted, prescribes *266 that a partner has two property rights pertinent here: the right in the specific partnership property and the interest in the partnership. N.J.S.A. 4:21-24. The law defines the latter interest as personal property and encompasses profits and surplus. N.J.S.A. 42:1-26.
The U.P.L. creates certain distinctions between the two interests when a judgment creditor of an individual partner seeks to attach or execute on the interest of that partner. The interest in specific partnership property is not subject to attachment or execution to satisfy the debt of one partner. N.J.S.A. 42:1-25c; Schultz v. Ziegenfuss, 105 N.J. Super. 468, 473, 253 A.2d 180 (App.Div. 1969). This is consistent with the general approach of the U.P.L. to protect business operation against immediate impact of partners' personal involvements. Mazzuchelli v. Silberberg, 29 N.J. 15, 21, 148 A.2d 8 (1959).
On the other hand, the interest in the partnership is subject to levy of a judgment creditor. N.J.S.A. 42:1-28 provides:
1. On due application to a competent court by any judgment creditor of a partner, the court which entered the judgment, order or decree, or any other court, may charge the interest of the debtor partner with payment of the unsatisfied amount of such judgment debt with interest thereon; and may then or later appoint a receiver of his share of the profits, and of any other money due or to fall due to him in respect of the partnership, and make all other orders, directions, accounts and inquiries which the debtor partner might have made, or which the circumstances of the case may require.
2. The interest charged may be redeemed at any time before foreclosure, or in case of a sale being directed by the court, may be purchased without thereby causing a dissolution:

a. With separate property, by any one or more of the partners; or
b. With partnership property, by any one or more of the partners with the consent of all partners whose interests are not so charged or sold;
3. Nothing in this chapter shall be held to deprive a partner of his right, if any, under the exemption laws, as regards his interest in the partnership. [Emphasis supplied].
Thus, a judgment creditor may have the lien of his judgment imposed on the partner's interest in the partnership. The creditor may also have a receiver appointed to collect any rents *267 and profits.[2] Hence, a charging order may enjoin the members of a partnership, if they are parties to the litigation, from making any disbursements to the debtor partner except payments legally exempt. The charging order may also require members of a partnership to pay a judgment creditor any amounts due to the debtor partner.
A judgment creditor may also force the sale of the partner's interest in the partnership. This is evidenced by two provisions of the U.P.L., N.J.S.A. 42:1-28, subd. 2 and N.J.S.A. 42:1-32, subd. 2. The latter mandates a decree of dissolution "[o]n application of the purchaser of a partner's interest under sections 42:1-28...." N.J.S.A. 42:1-32, subd. 2. The former supports the sale concept by the dictate that a remaining partner or partners, to avoid involuntary dissolution under N.J.S.A. 42:1-32, may redeem the partnership interest "in case of a sale being directed by the court." N.J.S.A. 42:1-28, subd. 2.
Hence, under the U.P.L., a judgment creditor of an individual partner may levy on or charge that partner's interest in the partnership and force a sale of it. Other jurisdictions have so held. Bohonus v. Amerco, 124 Ariz. 88, 602 P.2d 469 (1979) (Arizona Supreme Court decided, under provisions of the U.P.L. consonant with those of New Jersey, a partner's interest in the partnership may be charged by a creditor and sold but specific partnership property may not be sold to satisfy the individual partner's debts); Tupper v. Kroc, 88 Nev. 146, 494 P.2d 1275 (1972) (Nevada Supreme Court applying the U.P.L. held valid a charging order directing sale of a general partner's interest in three limited partnerships to satisfy debts owed by that general partner to one of the limited partners).
Nonetheless, the trial court should be circumspect in its decision to order a sale. If the court is convinced the creditor's *268 claim will not be satisfied in a reasonably expedient manner by diverting the debtor's income from the partnership to satisfy the debt, then sale should be ordered. Otherwise, the sale should not be ordered so as to preclude the adverse effects such a sale may have on a solvent partnership. In the latter instance, the debtor partner has the burden of proving that the debt can be satisfied by other than sale since that partner is better able than the creditor to project the income status of the partnership and the prospects of its future success, if any.
Here, defendant presented no circumstances to justify denial of the sale. He offered no affidavits in opposition to the application for the sale. Indeed, the only evidence the trial judge had before him respecting the West New York real estate was a $600,000 appraisal provided by plaintiff and the fact that the partnership had no income. Nevertheless, the judge denied the request for a sale of the defendant's interest in the partnership. He based the denial on his conclusion that a sale of defendant's interest in the partnership would interfere with the potential development of the land and that by charging the defendant's interest in the partnership, plaintiff had adequate security. He did so in spite of the fact that the partnership provided no income and absent any evidence of whether or when the property might be developed.
We find the denial of the request for sale to be a mistaken exercise of discretion. When a judgment creditor seeks a charging order and the trial court enters the charging order, we do not read the U.P.L. to provide the trial court with the discretion to deny an order for sale in absence of proof that the debt will be satisfied from the debtor partner's share of the profits in a reasonable period of time. Additionally, we do not read the U.P.L. to vest a trial court with the discretion to deny an order for sale on the speculative grounds identified here. A judgment creditor should not have to await suppositional development of the partnership property before it collects on its judgment. To hold otherwise would countervail the logic of the *269 U.P.L. which we have noted protects the remaining partners from an involuntary dissolution by allowing them to redeem the debtor-partner's interest after sale is ordered.
Accordingly, we conclude the trial judge improperly denied plaintiff's application for an order of sale of defendant's interest in Carr Associates. We remand for entry of an order directing sale. However, any further enforcement of plaintiff's rights as a judgment creditor must be pursuant to the U.P.L., N.J.S.A. 42:1-28 and -32.

IV.
In sum, we affirm entry of judgment that accorded full faith and credit to the New York judgment. We also affirm the order charging defendant's interest in the partnership with the lien of plaintiff's judgment. However, we reverse the denial of the application for sale of defendant's interest in Carr Associates and remand for entry of such an order. In so doing, we emphasize the order is for sale of defendant's interest in the partnership and not for sale of the real property in West New York.
NOTES
[1] The order entered provides only for the charge on defendant's interest in the partnership. It contains no further provisions.
[2] The U.P.L. does not mandate appointment of a receiver in the charging order. It would appear the appointment is required only when the receiver serves some useful purpose.