662 A.2d 1034

ANTHONY C. CANGER, PLAINTIFF, v. ALBERT FROYSLAND, LAURINE FROYSLAND, RICHARD FROYSLAND, MICHELLE FROYSLAND, ROBERT FROYSLAND, HENRY C. KOCHAN, MAPLE REALTY GROUP, A NEW JERSEY PARTNERSHIP, AND FROYCAN II, A NEW JERSEY PARTNERSHIP, DEFENDANTS.

Superior Court of New Jersey
Chancery Division Morris County

Decided December 27, 1994.

616

*Lawrence J. McDermott, Jr.,* for plaintiff Anthony Canger (*Williams, Caliri, Miller & Otley*).

*Thomas C.C. Humick,* for Dorine Industrial Park (*Schenck, Price, Smith & King*).

MacKENZIE, P.J.Ch.

On September 7, 1994, the plaintiff Anthony Canger obtained a judgment in the amount of $1,162,204.14 against the defendants, Laurine Froysland, Executrix of the Estate of Albert Froysland, deceased, and the Estate of Albert Froysland, deceased. In an effort to recover that judgment, the plaintiff has filed an Order to Show Cause in which he seeks a charging order against the interest of the Estate in a partnership known as Dorine Industrial Park.

Prior to his death, Albert Froysland owned a twenty-five percent interest in Dorine Industrial Park (hereinafter "Dorine"). The other partners in Dorine, Henry Kochan and Gilbert R. Jacobs, owned twenty-five and fifty percent interests in the partnership, respectively. The Dorine partnership was formed by Albert Froysland and Gilbert Jacobs in 1977 for the sole purpose of owning and leasing property located in the Township of East Hanover, Morris County, New Jersey. Henry Kochan became a partner in Dorine two years later in 1979. After Albert Froysland died on July 17, 1993, the surviving partners continued the business of the partnership pursuant to the Partnership Agreement.[1]

---

[1] Paragraph 13 of the Dorine Partnership Agreement provides in pertinent part:

> In the event of the death or mental incompetency of a partner, the partnership shall be dissolved unless the remaining two partners agree to continue the partnership. However (even if the partnership continues), the real estate owned by the partnership shall be appraised by an independent

The Dorine property consists of a six-acre parcel on which are situated two industrial buildings. The partnership leased these buildings to various commercial tenants from 1977 through 1983. In 1983, Dorine sought to convert the buildings to commercial condominiums and sell, rather than lease, the individual units. However, a serious problem was uncovered. While lawfully in possession, certain tenants had utilized environmentally toxic substances in their operations at the site. As a result, an environmental response action was commenced pursuant to the New Jersey Spill Compensation and Control Act and the Environmental Cleanup Responsibility Act. Although a number of the responsible tenants were named as defendants by the Department of Environmental Protection in the initial environmental compliance action, these entities either failed to cooperate and/or ceased doing business. In the absence of other responsible parties, Dorine was required to proceed with remedial activities at the site. Therefore, in 1990, the partnership instituted a cost recovery action against the former tenants in the United States District Court for the District of New Jersey.

The plaintiff herein recently became aware of the pending District Court lawsuit. It is plaintiff's understanding that that matter is close to settlement. It is also plaintiff's understanding that the settlement should net between $500,000 and $1,000,000 for each of the twenty-five percent partners, namely, the Froysland Estate and Henry Kochan. For this reason, the plaintiff seeks to charge the partnership interest of the Estate of Albert Froysland with payment of the plaintiff's judgment.

---

appraiser selected by the surviving partners that have not been declared mentally incompetent. If the executor or administrator of the deceased partner or the guardian of the mentally incompetent partner is not satisfied with such appraisal, he shall so notify the other partners in writing, and then such executor, administrator or guardian shall within 30 days after receipt of the notice of the first appraisal have a second appraisal of the property made an independent appraiser of his choice, and such second appraisal shall be furnished in writing to the other partners. The average of the two appraisals shall be accepted by all parties as the value of the property.

It is well-settled law in this State that an individual partner's proprietary interest in a partnership may be charged with the payment of an unsatisfied judgment against the partner. *N.J.S.A.* 42:1–28; *F.D.I.C. v. Birchwood Builders*, 240 *N.J.Super.* 260, 267, 573 *A.*2d 182 (App.Div.1990). As the court indicated in *Birchwood Builders*, a partner possesses a two-fold interest in the partnership. *Id.* at 266, 573 *A.*2d 182 (citing *N.J.S.A.* 42:1–24). A partner has rights in the property owned by the partnership. *Id.* The partner also possesses an interest in the partnership itself. *Id.* It is this latter interest only which is subject to levy by judgment creditors of the individual partner. *Id.* The question posed in the instant case is whether a partner's "interest" in the partnership survives his death to the extent it may be charged with payment of a judgment against him or his Estate. For the reasons set forth herein, this court concludes that although a deceased partner's interest in a partnership may be charged with payment of the partner's personal debt, the facts of this case preclude charging the interest of the Estate of Albert Froysland with the payment of plaintiff's judgment.

Under typical circumstances, the death of a partner dissolves a partnership. *N.J.S.A.* 42:1–31. However, dissolution need not occur upon the death of one of the partners if a prior agreement between the partners provides otherwise. *Wilzig v. Sisselman*, 182 *N.J.Super.* 519, 527–30, 442 *A.*2d 1021 (App.Div. 1982). A partnership may be continued by surviving partners, with or without the participation of a new partner, when the partnership agreement so permits. *Id.* at 529, 442 *A.*2d 1021. In the instant case, the partnership agreement, which was amended at the time that Henry Kochan became a partner in 1979, provided for continuation of Dorine in the event of the death of one of the partners. *See, supra,* n. 1.

The Uniform Partnership Act, *N.J.S.A.* 42:1–1 to 43, sets forth the rights that a deceased partner's estate has when the partnership is continued by the surviving partners. *N.J.S.A.* 42:1–42 provides in pertinent part:

When any partner retires or dies, and the business is continued under any of the conditions set forth in paragraphs "1", "2", "3", "5", and "6" of section 42:1-24 of this title, or in paragraph "2b" of section 42:1-38 of this title, without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as *an ordinary creditor* an amount equal to the value of his interest in the dissolved partnership ...

[*N.J.S.A.* 42:1-42 (emphasis added).]

Thus, when a partner dies and the surviving partners continue the business, his or her estate becomes a creditor of the continuing partnership for the amount of the deceased partner's interest.

■ The nature of the estate's interest lends itself to two possible characterizations. Because the legal representative assumes the role of ordinary creditor under the terms of the statute, the estate's interest may be described as a debt. In that case, the asset to which the estate succeeds and upon which a judgment creditor can levy is the debt owed to the estate by the partnership. A debt may be the subject of a levy pursuant to *N.J.S.A.* 2A:17-50. *N.J.S.A.* 2A:17-50 provides:

When a judgment has been recovered in the Superior Court ... and where any wages, *debts,* earnings, salary, income from trust funds or profits are due and owing to the judgment debtor, ... the judgment creditor may, on notice to the judgment debtor unless the court otherwise orders, apply to the court in which the judgment was recovered, ... and upon satisfactory proofs, by affidavit or otherwise, of such facts, the court shall grant an order directing that an execution issue against the wages, *debts,* earnings, salary, income from trust funds, or profits of the judgment debtor. (emphasis added)

However, certain other authorities have suggested that the interest which the partner's estate acquires is a chose in action, or a right of bringing an action to recover a debt. *McClennen v. Commissioner of Internal Revenue,* 131 *F.2d* 165, 167 (1st Cir. 1942). *American Jurisprudence 2d* explains the nature of the estate's interest as follows:

The Uniform Partnership Act provides that on the death of a partner his right in specific partnership property vests in the surviving partner or partners ... Hence, the representative of a deceased partner ... does not succeed to any right to specific partnership property. The interest to which he succeeds is a chose in action in the nature of a right to receive in cash the sum of money shown to be due him on a liquidation and accounting.

[59A *Am.Jur.2d Partnership* § 1140 (1987).]

At common law, a chose in action was not subject to levy under a writ of execution unless provided otherwise by statute. 33 *C.J.S. Executions* §§ 28, 98 (1942); 30 *Am.Jur.2d Execution and Enforcement of Judgments* § 152 (1994). Although this general common law rule still controls in some jurisdictions, many state legislatures have prescribed a method for executing on general intangibles, such as choses in action. 30 *Am.Jur.2d Execution and Enforcement of Judgments* § 152 (1994). In New Jersey, the applicable statute, *N.J.S.A.* 2A:17–1 to 83, does not directly reference choses in action, nor has any court of this state expressly held that choses in action may be the subject of levy. However, that statute has been interpreted by New Jersey courts as permitting levy upon property of every nature and description, including general intangibles. *Jacobs, Bell & Baumol v. Curtis*, 232 *N.J.Super.* 155, 157, 556 *A.*2d 817 (Law Div.1989); *McCray v. Chirucky*, 68 *N.J.Super.* 533, 535, 173 *A.*2d 39 (Cty.Ct.1961). The particular section of the statute which permits such levy appears to be *N.J.S.A.* 2A:17–58. *N.J.S.A.* 2A:17–58 provides: "Rights and credits shall be levied upon and taken as property is taken under writs of attachment against nonresident debtors." This language is identical to that of the statute which preceded *N.J.S.A.* 2A:17–58, namely, *R.S.* 2:26–169. *See Vinelands Savings & Loan Association v. Felmey*, 12 *N.J.Super.* 384, 394, 79 *A.*2d 714 (Ch.Div.1951). Thus, it appears that rights and credits have been a permissible subject of levy in this state for quite some time.

In short, it makes no difference whether the interest of a deceased partner's estate is characterized as a debt or as a chose in action. In either case, a judgment creditor of a deceased partner may execute upon the estate's interest in the partnership if the appropriate conditions are met. However, those conditions are not present in the instant case.

Although debts and choses in action are both appropriate subjects of execution in this State, they must be liquidated and certain in their existence in order for levy to proceed. *Cohen v.*

Cohen, 126 *N.J.L.* 605, 610, 20 *A.*2d 594 (Sup.Ct.1941); 33 *C.J.S. Execution* § 28 (1942). "A debt which is uncertain and contingent, in the sense that it may never become payable, is not subject to levy and sale." *Cohen, supra,* 126 *N.J.L.* at 610, 20 *A.*2d 594. In the instant case, the court finds that the debt owed to the Estate is unliquidated and far too uncertain at this time to be the subject of levy. Gilbert R. Jacobs, one of the surviving partners in Dorine, certified that the net value of Dorine was a negative at the time of Mr. Froysland's death due, in large part, to the environmental liabilities. As a result, the partnership and the Estate agreed to await the outcome of the litigation before appraising Mr. Froysland's interest. However, it remains possible that the net value of Mr. Froysland's twenty-five percent interest in Dorine may remain a negative even after settlement of the litigation because of pre-existing partnership debts, attorneys fees, and payment for continuing clean-up at the partnership property. Thus, the debt owed to the Estate may never become due and payable. For this reason, the interest of the Estate in the Dorine partnership cannot be the subject of a charging lien. So ordered.