[No. 47991-1-I.   Division One.   October 7, 2002.]

KAY YEW KOH, *Appellant*, v. INNO-PACIFIC HOLDINGS, LTD., *Respondent*.

*Thomas R. Dreiling*, for appellant.

*Richard J. Schroeder* (of *Davis Wright Tremaine, L.L.P.*), for respondent.

Grosse, J. — Normally, personal property is found, for purposes of levy or attachment, where it is physically located or where the owner resides. The interest of a member in a limited liability company is personal property. Therefore, once it has been determined by a court of competent jurisdiction that a defendant is a debtor of the plaintiff, an action to realize on that debt in Washington, where the defendant has a property interest in a limited liability company, is proper whether or not Washington would have had jurisdiction to determine the existence of the debt as an original matter.

## FACTS

Inno-Pacific Holdings, Ltd. (Inno-Pacific) is a Singapore public corporation with its principal place of business in Singapore. Inno-Pacific employed Kay Yew Koh (Koh) to conduct business activities on its behalf in California. Koh sued Inno-Pacific for wrongful termination in California and prevailed, receiving a money judgment against Inno-Pacific in the amount of $240,000 (Singapore dollars). Inno-Pacific had appeared through counsel to defend itself against Koh's claim.

In postjudgment discovery, Koh learned that Inno-Pacific owned a 50 percent interest in Sawyer Falls, a limited liability company, registered under the laws of the state of Washington as a domestic limited liability company. Sawyer Falls has an agent in Washington and owns 478 acres of undeveloped real property in Washington as a long-term development project. However, Sawyer Falls registered as its principal place of business an address in Malaysia and represents that its main office, officers, employees, books, and records are located in Malaysia.

Two years after the California judgment, Koh obtained a charging order in King County Superior Court against Inno-Pacific's interest in Sawyer Falls. Inno-Pacific filed a motion to quash the charging order based on lack of personal jurisdiction and lack of in rem jurisdiction, but did not contest the validity of the California judgment. The trial court quashed Koh's charging order holding that the "Court lacks jurisdiction over Defendant's membership interest in Sawyer Falls because the membership interest as personal property is located outside the state of Washington." Koh appeals.

## DISCUSSION

█ Preliminary to the issue of jurisdiction is the location of Inno-Pacific's interest in Sawyer Falls. Clearly, Inno-Pacific's interest in Sawyer Falls is personal property to Inno-Pacific.[1] Inno-Pacific argues that an entity's interest in a limited liability company exists where the entity resides, in this case in Singapore. Thus, Inno-Pacific concludes that Washington courts have no jurisdiction over its personal property interest in Sawyer Falls. Koh counters that an entity's interest in a limited liability company is located where that company is formed.

██ Koh's position is the more accurate. The touchstone of Inno-Pacific's argument regarding jurisdiction is *In*

---

[1] RCW 25.15.245(1).

*re Estate of Grady*.[2] That case does stand for the proposition that personal property is located where the owner is domiciled. Unquestionably, that is true for purposes of taxation. However, that proposition does not preclude jurisdiction over personal property where it is found.[3] Certainly the language of the statute appears to reflect that a partnership interest is located where the partnership is formally organized:

> On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the limited liability company interest of the member with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the limited liability company interest. This chapter does not deprive any member of the benefit of any exemption laws applicable to the member's limited liability company interest.[4]

Washington's Limited Liability Company Act, chapter 25.15 RCW, is modeled substantially upon the Uniform Limited Liability Company Act, which was in turn based upon the Uniform Partnership Act and the Revised Uniform Partnership Act, adopted in full or in part by various states.[5] Therefore, although the comments to the Uniform Limited Liability Company Act, the Uniform Partnership

---

[2] *In re Estate of Grady*, 79 Wn.2d 41, 483 P.2d 114 (1971).

[3] *Hanson v. Denckla*, 357 U.S. 235, 247, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958) (citing *State Tax Comm'n of Utah v. Aldrich*, 316 U.S. 174, 62 S. Ct. 1008, 86 L. Ed. 1358 (1942); *Curry v. McCanless*, 307 U.S. 357, 59 S. Ct. 900, 83 L. Ed. 1339 (1939)).

[4] RCW 25.15.255.

[5] 6A Nat'l Conference on Comm'rs on Uniform State Laws, Uniform Laws Annotated, Business and Nonprofit Organizations and Associations Laws at 235, 401 (West 1995) (section 703 of 1976 Revised Uniform Limited Partnership Act; section 22 of 1916 Uniform Limited Partnership Act); *see, e.g.*, John A. Gose, *The Charging Order Under the Uniform Partnership Act*, 28 Wash. L. Rev, 1, 18 (1953); *Sherwood v. Jackson*, 121 Cal. App. 354, 357, 8 P.2d 943 (1932); Ala. Code § 10-12-35 (1975); Conn. Gen. Stat. Ann. § 34-30 (West 1961); Del. Code Ann. title 18, § 703 (2000); Haw. Rev. Stat. Ann. § 428-504 (Michie 1996); 805 Ill. Comp. Stat. Ann. § 180/30-20 (West 1994); La. Rev. Stat. Ann. § 10:4A-504 (West 1998) (noting that the section is similar to section 504 of Uniform Partnership Act (1997)); Mont. Code Ann. § 35-8-705 (1993); N.J. Stat. Ann. § 42:1A-30 (2000) (modeled after section 504 of Uniform Partnership Act (1997)); Or. Rev. Stat. § 63.259 (1993); 15

Act, and the Revised Uniform Partnership Act do not directly discuss this issue, we can look to the few cases that do address the location of a partnership interest under one of these uniform acts.

In *Rankin v. Culver*, 16 years after Pennsylvania's enactment of its version of the Uniform Partnership Act, the Supreme Court of Pennsylvania analyzed whether a creditor could attach the partnership interest of a nonresident debtor when the partnership was organized and doing business in Pennsylvania.[6] The *Rankin* court found that an interest of a partner in firm assets is personalty and subject to foreign attachment. Further, the court held that a partnership doing business in Pennsylvania constituted a property interest in Pennsylvania to those who owned an interest in the partnership, thus a writ of foreign attachment on the partnership interest was valid.[7]

In *Federal Deposit Insurance Corp. v. Birchwood Builders, Inc.*, a plaintiff received a judgment in New York and learned that the debtor, a New York resident, owned 40 percent of a partnership organized in New Jersey under that state's version of the Uniform Partnership Act.[8] The partnership owned a tract of vacant land in New Jersey, although it earned no income. The plaintiff attempted to attach the partnership interest through a charging order in New Jersey. Although the New Jersey court did not discuss in detail the location of the partnership interest, it determined that even though the owner of the partnership interest resided in New York, the partnership was incorpo-

---

PA. CONS. STAT. ANN. § 8345 (West 1988); S.C. CODE ANN. § 33-44-504 (Law. Co-op. 1976); S.D. CODIFIED LAWS § 47-34A-504 (Michie 1998); UTAH CODE ANN. § 48-2c-1103 (1953); VT. STAT. ANN. tit. 11, § 3074 (1995); VA. CODE ANN. § 13.1-1041 (Michie 1991); former RCW 25.04.280 (1955), *repealed by* LAWS OF 1998, ch. 103, § 1308 (effective Jan. 1, 1999).

[6] *Rankin v. Culver*, 303 Pa. 401, 154 A. 701 (1931).

[7] *Rankin*, 303 Pa. at 404.

[8] *Fed. Deposit Ins. Corp. v. Birchwood Builders, Inc.*, 240 N.J. Super. 260, 263, 573 A.2d 182 (1990); N.J. STAT. ANN. § 42:1-24 (West 1990).

rated in New Jersey and thus the interest was subject to attachment in New Jersey.[9]

These cases illustrate at the least that where a partnership organizes under the laws of a state, the partnership interest is located within that state. Here, Sawyer Falls is registered under the laws of the state of Washington, maintains an office and registered agent in Washington, and owns a parcel of property in Washington. Therefore, the partnership interest is located here.

■ Koh correctly asserts that Washington's Limited Liability Company Act clearly allows him to reach Inno-Pacific's interest in Sawyer Falls through a validly entered foreign judgment and charging order entered in Washington by a court of competent jurisdiction.[10] Nevertheless, Inno-Pacific argues, or appears to argue, that this apparent jurisdiction and authority should not be exercised because it offends the Constitution, citing *Shaffer v. Heitner*[11] and *Hanson v. Denckla*.[12] But, a careful look at those cases convinces us that jurisdiction does lie.

At first glance, the action here does appear to be the type of quasi in rem action described in the case of *Hanson v. Denckla*, a proceeding where the plaintiff seeks to apply property unrelated to the claim to the satisfaction of a judgment or claim against the defendant.[13] Clearly, Koh is attempting to apply the property of Inno-Pacific to a debt unrelated to that property. This type of quasi in rem jurisdiction was addressed in Washington in *Ace Novelty Co. v. M.W. Kasch Co.* and later addressed by the United States Supreme Court in *Shaffer v. Heitner*.[14]

---

[9] *Birchwood Builders, Inc.*, 240 N.J. Super. at 266.

[10] RCW 6.40.050; RCW 25.15.255.

[11] *Shaffer v. Heitner*, 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977).

[12] *Hanson v. Denckla*, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

[13] *See Hanson*, 357 U.S. at 246 n.12.

[14] *Ace Novelty Co. v. M.W. Kasch Co.*, 82 Wn.2d 145, 508 P.2d 1365 (1973); *Shaffer*, 433 U.S. 186.

*Ace Novelty* involved a plaintiff that attempted to sue in Washington a Wisconsin company for a debt by attaching unrelated assets that the company allegedly owned in Washington. *Shaffer* involved a nonresident shareholder of a Delaware corporation who filed a motion in Delaware to attach the corporate stock of nonresident officers and directors to force them to appear for purposes of a different shareholder's derivative suit. Both *Ace Novelty* and *Shaffer* held that this type of proceeding requires the same minimum contacts discussed in *International Shoe Co. v. Washington*.[15] However, neither of the plaintiffs in those cases had obtained a valid foreign judgment, as Koh did here. This action is different. It involves action on a valid foreign judgment to obtain a charging order against the property of a judgment debtor. Here, it is registration of the foreign judgment in conjunction with the presence of the property that satisfies due process.

As the court in *Shaffer* notes, once a court of competent jurisdiction has determined that a defendant is a debtor of the plaintiff under the Full Faith and Credit Clause "there would seem to be no unfairness in allowing an action to realize on that debt in a State where the defendant has property, *whether or not that State would have jurisdiction to determine the existence of the debt as an original matter*."[16] Therefore, because we have determined that the property exists in Washington and that Koh has a valid foreign judgment, our decision is simple. The Full Faith and Credit Clause and Washington's Foreign Money-Judgments Recognition Act allow Koh to register his California judgment and obtain a charging order against Inno-Pacific's interest in Sawyer Falls.[17] There is no unfairness in allowing an action in this jurisdiction to realize on a valid California judgment. In-

---

[15] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945); *Ace Novelty Co.*, 82 Wn.2d at 150; *Shaffer*, 433 U.S. at 187-88.

[16] *Shaffer*, 433 U.S. at 210 n.36 (emphasis added).

[17] U.S. Const. art. IV, § 1; 28 U.S.C. § 1738; RCW 6.40.050. Other jurisdictions have come to similar conclusions using the reasoning and language of *Shaffer*. *Ruiz v. Lloses*, 233 N.J. Super. 608, 559 A.2d 866 (1989); *Fine v. Spierer*, 109 A.D.2d 611, 486 N.Y.S.2d 9 (1985).

deed, such a result is required in order to give full faith and credit to the California judgment. The property is here. A charging order entered here against the property interest is permissible.

Reversed.

BAKER, J., and WEBSTER, J. Pro Tem., concur.